JOHN W. PARKER, Z. D. COBB, J. H. TUGWELL, AND A. F. SHIRLEY, ON BEHALF OF THEMSELVES AND OTHER CITIZENS AND QUALIFIED ELECTORS AND TAXPAYERS OF JONAS WILLIAMS SCHOOL DISTRICT, GREENE COUNTY, V. J. E. DEBNAM, W. D. COBB, W. A. DILDY, J. E. ALBRITTON, AND L. A. MEWBORN, CONSTITUTING THE BOARD OF EDUCATION FOR GREENE COUNTY, AND H. G. ROBERTSON, COUNTY SUPERINTENDENT OF PUBLIC INSTRUCTION OF GREENE COUNTY.

(Filed 31 January, 1928.)

**1. Schools and School Districts — Public Schools — Consolidation of Districts.**

Where a county has adopted the county-wide plan or organization for its public schools, and its board of education has consolidated, in good faith, two contiguous school districts with regard to the convenience of those attending the schools of each, and with regard to their better school conveniences and instruction, and at a less cost of maintenance in the consolidation, so much will be upheld in our courts. 3 C. S., 5481.

**2. Appeal and Error—Review—Presumptions.**

*Held,* that the facts found by the lower court that the consolidation of two contiguous public school districts was made by the county board of education was under the provisions of 3 C. S., 5481, are supported by the evidence, and though the evidence is reviewable by the Supreme Court on appeal, the findings and conclusions of law thereon are presumed correct, and the burden is on the appellant to show error.

APPEAL by plaintiffs from *Nunn, J.,* at Chambers in the city of New Bern, 6 July, 1927. From GREENE. Affirmed.

The plaintiffs bring this action against the defendants to restrain them from consolidating Jonas Williams School District with the Walstonburg School District and to provide in the Jonas Williams School District at least a six months school, as provided by the Constitution.

The following findings of fact, conclusions of law and judgment were rendered: "This cause coming on to be heard before his Honor, R. A. Nunn, judge, at Chambers in the city of New Bern, N. C., upon the notice to the defendants to show cause why the restraining order heretofore granted in this cause should not be continued to the final hearing, and being heard upon the pleadings, affidavits and records offered in evidence, from which the court finds the following facts, to wit:

(1) That the plaintiffs are residents of Jonas Williams School District, in Greene County, North Carolina.

(2) That the defendants are members of the board of education of Greene County, except the defendant, H. G. Robertson, who is superintendent of public instruction for the said county, and as such are charged with the duty under the law of operating the public schools and maintaining the public school system in said county.

(3) That the Jonas Williams School District is contiguous to the Walstonburg School District, both of said districts being special tax districts, and that on and prior to 27 May, 1927, the Jonas Williams District had a special school tax rate of thirty cents and the Walstonburg District had a special school tax rate of forty-five cents.

(4) That the Walstonburg School District has, located at Walstonburg, N. C., a commodious modern brick school building of fourteen rooms, employing twelve teachers, and that the children from the outlying portion of said district are transported to and from said school by motor trucks.

(5) That the Jonas Williams School is an old, two-room wooden structure located four miles from the Walstonburg School and is not equipped with the necessary facilities for the proper instruction of the children of said district.

(6) That the enrollment at the Jonas Williams School for the school year 1926-1927 was forty-three and the average daily attendance was 27.46.

PARKER *v.* DEBNAM.

(7) That the Walstonburg School is not only a modern brick structure well lighted and steam heated, but that it is sufficiently large and amply equipped to take care of the children from the Jonas Williams School District without the employment of an additional teacher.

(8) That the board of education has refused to provide in its school budget funds for the operation of the Jonas Williams School for the ensuing year, and in so doing acted in good faith and in the honest exercise of its discretion and authority in an effort and for the sole purpose of improving the educational system of Greene County, and to provide better school facilities and advantages for the children of the Jonas Williams School.

(9) That the county of Greene has a county-wide plan or organization of schools, adopted 20 August, 1925, pursuant to and in compliance with the provisions of section 73(a), Article six of the Public School Law of North Carolina, codification of 1923; Public Laws 1923, ch. 136, Art. 6; 3 C. S., 5481; and since said date the board of education has worked under said plan and the several modifications thereof subsequently made in conformity to the requirements of Public School Law of North Carolina, Public Laws 1923, ch. 136, Art. 6; Public Laws 1924, Extra Session, ch. 121, sec. 2.

(10) That on 27 May, 1927, the board of education of Greene County, by resolution unanimously adopted, consolidated the Jonas Williams School District with the Walstonburg School District pursuant to and in accordance with the county-wide plan or organization of schools. That said consolidation of districts was made after first giving the committeemen and patrons of the Jonas Williams District full opportunity to be heard upon the subject, and that the acts of the board of education in consolidating the districts were done and performed in good faith and in an honest exercise of its discretion and authority in an effort and for the sole purpose of providing better school facilities for the children of the Jonas Williams School District and to improve the educational system of the county of Greene.

From the foregoing findings of fact the Court is of the opinion and concludes that in law:

(1) That the acts of the board of education of Greene County, in refusing to provide funds for the further operation of the Jonas Williams School were in all respects valid and legal.

(2) That the board of education having adopted a county-wide plan or organization of schools in conformity to statute, the acts of said board in consolidating the Jonas Williams School District with the Walstonburg School District were in all respects valid and legal.

Whereupon, it is considered, ordered and adjudged by the court that the temporary injunction and restraining order heretofore issued in this

cause be and the same is hereby dissolved. It is further ordered, considered and adjudged that the plaintiffs pay the costs to be taxed by the clerk.

The plaintiffs assign the following as error:

(1) For that the court erred in finding as a fact that the county of Greene had a county-wide plan of consolidation adopted in said county in accordance with the provisions of section 73-a, of the School Law of North Carolina, codification of 1923, chapter 136, Article 6; 3 C. S., 5481, or that the board of education has worked under any plan of consolidation as contemplated by said section, or the amendments thereto.

(2) For that the board of education did not consolidate the Jonas Williams School District with that of the Walstonburg School District in accordance with a county-wide plan of consolidation of schools in said county, and the court erred in so finding.

(3) For that the court erred in holding as a matter of law that the defendant board of education had a right to refuse to provide a school in the Jonas Williams School District.

(4) For that the court erred in holding as a matter of law that the defendant board of education had adopted a county-wide plan of the consolidation of the schools of Greene County and that of the conduct of the said defendant board in connection therewith were legal and valid.

(5) For that the court erred in dissolving the restraining order issued in said cause, and in refusing to require the defendant board to provide adequate school advantages in said Jonas Williams School District as is required by statute.

*Albion Dunn and Shaw & Jones for plaintiffs.*
*J. Paul Frizzelle for defendants.*

CLARKSON, J. The Jonas Williams School District is opposed to a consolidation with the Walstonburg School District. 3 C. S., 5481 (Public Laws 1923, ch. 136, sec. 73-a), in part is as follows: "The county board of education shall create no new district nor shall it divide or abolish a district, nor shall it consolidate districts or parts of districts, except in accordance with a county-wide plan of organization, as follows: (1) The county board of education shall present a diagram or map of the county showing the present location of each district, the position of each, the location of roads, streams and other natural barriers, the number of children in each district, the size and condition of each school building in each county. The county board of education

shall then prepare a county-wide plan for the organization of all the schools of the county. This plan shall indicate the proposed changes to be made and how districts or parts of districts are proposed to be consolidated so as to work out a more advantageous school system for the entire county," etc.

Then the methods of consolidating school districts are set forth in detail by the statutes. See Public Laws 1923, ch. 136, Art. 6; Public Laws 1924, Extra Session, ch. 121, sec. 2; 3 C. S., ch. 95, Art. 10. The findings of fact by the court below is to the effect that the above statutes have been complied with and the county-wide plan was adopted 20 August, 1925, for Greene County.

It is well settled that in actions of this kind this Court can review the evidence and determine questions of fact as well as of law, but there is a presumption that the proceedings in the court below are correct and the appellant must show error. *Howard v. Board of Education,* 189 N. C., p. 675; *Power Co. v. Moses,* 191 N. C., p. 744; *Board of Comrs. v. State Highway Commission, ante,* 26. To effectuate the legislative intent, statutes relating to the adoption of a county-wide plan are liberally construed and was so done in *Causey v. Guilford County,* 192 N. C., 298.

The findings of fact by the court below was to the effect that on 27 May, 1927, the board of education of Greene County, by unanimous resolution, consolidated the two school districts, in accordance with the county-wide plan. Notice was duly given. It was done by the board of education in good faith, and in the honest exercise of its discretion. *Gaddis v. Cherokee County Road Com., post,* 107. There was evidence to sustain the findings.

It may not be amiss to add that the record discloses a map indicating the plan for the reorganization of the Greene County School System where the high school, elementary and primary schools were to be located and the old schools all shown. Full particulars given. A call by the board of education of all the white school committee and to all other citizens and friends of education who are interested to meet 11 May, 1925, at 10 o'clock a.m., in the courthouse at Snow Hill. The letter sent to the committee and published with the map, states in part: "A plan has been worked out for a county-wide consolidation of schools, and Dr. George Howard, Jr. (director of school organization), from the State Department of Education will be here that day and speak and explain this plan to the people. This is the most important question that the committeemen of Greene County have ever been called together to consider. Under the present law no schools can be consolidated till a plan is adopted. So arrange to be here and learn exactly for yourself how this plan is. See that all the committeemen in your district are

PARKER *v.* DEBNAM.

Plan for the
ORGANIZATION OF THE SCHOOLS OF
GREENE COUNTY N. C.

Submitted by
George Howard Jr.
Director of School Organization

present. Bring some other citizens along. Come with an open mind and have at heart the future welfare of the children of your community and Greene County."

The map, with full detail information of the purpose of the meeting was published in *The Standard-Laconic,* a newspaper published in the county of Greene, and the most widely read paper published in the county. Then again, notice of the call states: *"You are urged to study the above map and come to Snow Hill next Monday prepared to discuss the matter with one purpose only in view, that of bettering the school advantages for the children of our county."*

From the record we can see no reason for disturbing the findings of fact or conclusions of law by the court below. The judgment is

Affirmed.