This action was brought by the plaintiffs to restrain the defendants from borrowing the sum of $15,000 from the State Literary Fund for the purpose of enlarging a school building. The plaintiffs asserted that the public debt of Hyde County for school purposes exceeded eight per cent of the total valuation of property in the county, and as a result the defendants were without power to borrow money. *Page 49 
The trial judge found certain pertinent facts, which are as follows:
(a) "The assessed value of all property in Hyde County, the last assessment, was $3,709,348. Its indebtedness for school purposes is less than five per cent of the assessed value."
(b) "There is now outstanding a county bond issue of $275,000, issued to refund indebtedness incurred for roads and bridges, for necessary county expense, and for school purposes. Of this only $75,000 is definitely shown to cover indebtedness for schools. Of the remainder, two amounts are duplications and there is no record whatever to show for what purpose the original indebtedness was incurred or where the money originally went. These properly ought not to be added to the indicated indebtedness for school purposes. While the school indebtedness included in the refunding bond issue may be larger than the specific items indicated, the court finds as a fact that the total indebtedness for schools is less than the statutory limit."
(c) "The court further finds that the county of Hyde is now in default in the payment of interest on its bonds in the sum of approximately $56,941, and on principal approximately $31,000, and that the county now has on hand to be applied to said indebtedness the sum of $34,868.78."
Upon the foregoing facts the court was of opinion that the defendants were authorized to borrow the said sum of $15,000 for the purpose indicated, and dissolved the injunction.
Thereupon the plaintiff appealed.
"It is well settled that in an action of this kind this Court can review the evidence and determine questions of fact as well as of law, but there is a presumption that the proceedings in the court below are correct, and the appellant must show error." Parker v. Debnam, 195 N.C. 56,141 S.E. 535; Castle v. Threadgill, 203 N.C. 441, 166 S.E. 313; Shelly v.Grainger, 204 N.C. 488, 168 S.E. 736.
There was evidence to support the findings of fact made by the trial judge. Moreover, it has been made to appear to the court that $10,000 of the sum involved in the proceeding has already been borrowed and used by the county for the purpose indicated. Consequently, the question presented is academic. Moore v. Monument Co., 166 N.C. 211, 81 S.E. 170; Rousseauv. Bullis, 201 N.C. 12.
Affirmed. *Page 50