W. W. RIMMER, ADMINISTRATOR, v. SOUTHERN RAILWAY
COMPANY ET AL.

(Filed 1 May, 1935.)

**1. Railroads D b—**

Evidence that defendant's train approached a grade crossing at a high rate of speed, in violation of city ordinance, and that it gave no signal or warning of its approach, is sufficient to establish negligence of defendant.

**2. Same—Evidence held to establish contributory negligence of intestate barring recovery for accident at crossing as matter of law.**

Evidence that plaintiff's intestate ran or walked upon defendant's track at a grade crossing during the daytime, that she wore the top part of her coat around her head as protection from the drizzling rain, and that

her attention was distracted by traffic on the highway, and that she was struck and killed on the crossing by defendant's train approaching along its straight, unobstructed track, establishes contributory negligence on the part of intestate barring recovery as a matter of law, although the evidence establishes the negligence of defendant in the operation of the train.

**3. Same: Negligence B b—**

Where the evidence establishes contributory negligence barring recovery as a matter of law, the doctrine of the last clear chance does not apply.

APPEAL by plaintiff from *Sink, J.,* at December Special Term, 1934, of MECKLENBURG.

Civil action to recover damages for death of plaintiff's intestate, alleged to have been caused by the wrongful act, neglect, or default of the defendant.

Plaintiff's intestate, a girl seventeen years of age, was fatally injured on the afternoon of 3 December, 1933, when struck by defendant's train at Brawley Street crossing in the town of Mooresville, N. C. North of the crossing, the track is straight for a considerable distance, nearly a mile. It was misty or drizzling rain. Plaintiff's intestate, on foot, approached the crossing from the west. She had on a cloak, the top part of it being held over her head as a protection from the rain. "Without being properly attentive to her safety, due to and on account of her attention being centered and directed to the traffic on and upon the said highway," as alleged in the complaint, plaintiff's intestate walked or ran upon the tracks, in front of the approaching train, and was killed. It is in evidence that the train was running at a high rate of speed, in violation of city ordinance, and that it gave no signal or warning of its approach. There was no slackening of its speed prior to the injury.

From a judgment of nonsuit entered at the close of all the evidence, plaintiff appeals, assigning error.

*Stewart & Bobbitt, Hiram P. Whitacre,* and *M. K. Harrill* for plaintiff.

*John M. Robinson* for defendants.

STACY, C. J. This is another crossing accident. The negligence of the defendant may be considered as established by the evidence. *Johnson v. R. R.,* 205 N. C., 127, 170 S. E., 120.

The action was dismissed as in case of nonsuit on account of the contributory negligence of plaintiff's intestate. *Young v. R. R.,* 205 N. C., 530, 172 S. E., 177; *Tart v. R. R.,* 202 N. C., 52, 161 S. E., 720; *Eller v. R. R.,* 200 N. C., 527, 157 S. E., 800; *High v. R. R.,* 112 N. C., 385, 17 S. E., 79. It was said in *Davidson v. R. R.,* 171 N. C., 634, 88 S. E., 759, that "When a pedestrian, in the *daytime,* steps upon a

railroad track, the view of which is unobstructed, and is injured thereby, and has not looked or listened, his own negligence is the proximate cause of the injury, and such negligence will preclude his recovery." See, also, *Pope v. R. R.,* 195 N. C., 67, 141 S. E., 350, and cases there cited.

Nor is plaintiff's case saved by the doctrine of the last clear chance. This doctrine does not apply when the contributory negligence of the party injured or complaining, as a matter of law, bars recovery. *Redmon v. R. R.,* 195 N. C., 764, 143 S. E., 829.

"It is the recognized duty of a person on or approaching a railroad crossing to 'look and listen in both directions for approaching trains, if not prevented from doing so by the fault of the railroad company or other circumstances clearing him from blame,' and where, as to persons other than employees of the company, there has been a breach of this duty clearly concurring as a proximate cause of the injury, recovery therefor is barred"—*Hoke, C. J.,* in *Holton v. R. R.,* 188 N. C., 277, 124 S. E., 307.

Upon the record and the authorities apposite, the judgment of nonsuit must be upheld. It is so ordered.

Affirmed.