J. K. STOVER v. SOUTHERN RAILWAY COMPANY AND C. W. SAILOR.

(Filed 18 September, 1935.)

1. **Railroads D c—Contributory negligence of person struck and injured while on track held to bar recovery against railroad.**

   Where a person is in full possession of his faculties and, while walking, standing, or arising from a sitting position on the track, is struck by a locomotive, and there is no indication that he is helpless upon the track, the contributory negligence of such person will bar recovery for injuries sustained by him although the locomotive is negligently operated, and,

the engineer having the right to assume up to the last moment that he would step from the track, the doctrine of last clear chance has no application.

**2. Negligence B b—**

The doctrine of last clear chance is not applicable when the contributory negligence of the person injured continues up to the moment of the accident resulting in the injury.

APPEAL by plaintiff from judgment of nonsuit entered by *Rousseau, J.,* at January Term, 1935, of CHEROKEE. Affirmed.

*Moody & Moody for plaintiff, appellant.*
*R. C. Kelly and Jones & Ward for defendants, appellees.*

PER CURIAM. This action was instituted by the plaintiff to recover damages for personal injuries alleged to have been proximately caused by negligence of the defendants. The defendant Sailor was an engineer operating a locomotive of the defendant railway company. The plaintiff was on the railway tracks of the corporate defendant, and his leg was so injured by said locomotive as to require amputation. According to the plaintiff's allegations and evidence, he was either walking on the track, or standing on the track, or rising from a sitting position he had assumed on the track to read a letter, at the time he was stricken by said locomotive. He was in the full possession of all his faculties unimpaired, his sight, his hearing, and his power of locomotion.

Even if it be conceded that the defendants were negligent in the operation of the locomotive, it clearly appears that the plaintiff was guilty of contributory negligence which continued up to the moment of the impact, and that the doctrine of "the last clear chance," urged in the argument and brief of the plaintiff, is not applicable. The plaintiff was not only in possession of all of his faculties, but did nothing to put the defendants on notice that he could not or would not get out of the way of the oncoming engine, or to render apparent that he was in any danger. The defendants had a right to assume up to the last moment, that the plaintiff would step from the railway track. See *Redmon v. R. R.,* 195 N. C., 764, and cases there cited, and the more recent case of *Rives v. R. R.,* 203 N. C., 227.

The judgment as of nonsuit at the close of the plaintiff's evidence was properly entered.

Affirmed.