MARY E. REEP, ADMINISTRATRIX OF THOMAS H. REEP, v. SOUTHERN RAILWAY COMPANY.

(Filed 15 June, 1936.)

**Railroads D c: Negligence B b—Evidence held insufficient to support doctrine of last clear chance.**

Evidence disclosing that intestate was sitting on a crosstie of a railroad track, with his head resting upon the extended fingers of his right hand, *is held* insufficient to support the submission of an issue involving the doctrine of the last clear chance in an action against the railroad for wrongful death, since under the evidence the engineer of the train, which struck and killed intestate, had the right to assume up to the last moment that the intestate would get off the track in time to avoid the accident.

CLARKSON, J., dissents.

APPEAL by the defendant from judgment based on verdict entered by *Pless, J.,* at November Term, 1935, of GUILFORD. Reversed.

REEP v. R. R.

*Younce & Younce for plaintiff, appellee.*
*Richard C. Kelly and Kenneth M. Brim for defendant, appellant.*

SCHENCK, J. This action was instituted to recover damages for the wrongful death of the plaintiff's intestate, alleged to have been proximately caused by the negligence of the defendant.

Construing the evidence most favorably to the plaintiff, it tends to show that the intestate was sitting on the end of a crosstie of the railroad track of the defendant, with his head resting against the extended fingers of his right hand, when he was struck by the engine of a passenger train of the defendant.

The jury, in answer to the first and second issues, found that the plaintiff's intestate was injured by the negligence of the defendant, and that the plaintiff's intestate was guilty of contributory negligence; and in answer to the third issue found that notwithstanding the negligence of the plaintiff's intestate the defendant by the exercise of reasonable care could have avoided the injury to said intestate.

The defendant excepted to the submission of the third issue, and moved for judgment as of nonsuit both at the conclusion of the plaintiff's evidence and at the close of all of the evidence. The exception was overruled and the motions were denied. These rulings of the court present the question as to whether there was sufficient evidence in this case to justify the submission of the issue involving the doctrine of the last clear chance.

All that the evidence discloses is that the intestate was sitting on the crosstie with his head resting upon the extended fingers of his right hand. This was not sufficient to put the engineer upon notice that the intestate would not get off of the track before the engine reached and struck him. There is no evidence that any disability of the intestate was known or was apparent to the engineer. The engineer therefore had a right to assume up to the last moment that the intestate would get off of the track. We therefore conclude that his Honor erred in submitting the third issue, and that the answers to the first and second issues entitle the defendant to judgment. This case is governed by the principle enunciated in *Redmon v. R. R.,* 195 N. C., 764; *Rives v. R. R.,* 203 N. C., 227; and *Stover v. R. R.,* 208 N. C., 495.

The judgment below is
Reversed.

CLARKSON, J., dissents.