E. V. OLDHAM v. SEABOARD AIR LINE RAILWAY COMPANY ET AL.

(Filed 4 November, 1936.)

1. **Railroads D b—Plaintiff's testimony held not to disclose contributory negligence in going upon crossing when he knew train was approaching.**

Plaintiff testified that he stopped his automobile and looked successively in each direction, before attempting to traverse defendant's grade crossing, that he saw some freight cars on the north apparently standing still, but heard no whistle or bell, that he saw no train from the south, that he was familiar with the crossing and knew that a flagman was due to be stationed there, that he started across and the flagman ran out looking to the south, and that he then thought the train was approaching from the south, stalled his car on the first rail, and was struck by a freight train backing from the north. *Held:* Plaintiff's testimony that he thought the train was approaching from the south referred to his apprehension after he had started across, and does not disclose that he went upon the crossing when he knew a train was approaching, and defendant's motion to nonsuit on the ground of contributory negligence was properly denied.

2. **Same—Failure of flagman to give warning of danger is implied invitation to motorist to cross.**

Where a flagman stationed at a crossing is absent and the person driving the car is familiar with the crossing and knows that the flagman is due to be there, or when the flagman is present and is not giving any warning of danger, the motorist may rely upon such fact as an implied invitation to cross and an assurance of safety, but he may not rely exclusively thereon, but such fact may be considered in determining whether the motorist used due care under the circumstances.

APPEAL by defendants from *Williams, J.,* at March Term, 1936, of LEE.

Civil action to recover damages for alleged negligent injury to plaintiff and his automobile.

The facts are these: Plaintiff was injured 5 May, 1934, at a grade crossing in Sanford, N. C., when his automobile collided with a shifting freight train operated by the defendants. Plaintiff was familiar with the crossing. He looked in both directions before entering upon the tracks. He saw some freight cars on his right (north), apparently standing still, but saw no engine and heard no bell or whistle; saw no train on his left (south). Plaintiff knew a watchman was due to be stationed at the crossing. Just as his front wheels reached the first rail, the watchman came running out, looking south, threw up his "Stop" sign, and caused plaintiff to choke down his car. While in this position, defendant's freight train, coming from the north, backed over the crossing, struck plaintiff's car, carried it seventy or eighty feet before stopping, demolished the car, and injured plaintiff.

On cross-examination, plaintiff testified: "I saw the watchman look-ing to the south and I thought the train was coming from the south, but it was coming from the north. . . . I thought the train was on the main line. It was not on the main line, but was on the first track."

The usual issues of negligence, contributory negligence, and damages were submitted to the jury and answered in favor of the plaintiff.

Judgment on the verdict, from which the defendants appeal, assigning as error the refusal of the court to nonsuit on plaintiff's own testimony.

*Gavin & Jackson and K. R. Hoyle for plaintiff, appellee.*

*J. C. Pittman and Varser, McIntyre & Henry for defendants, appel-lants.*

STACY, C. J. Does the plaintiff's alleged contributory negligence bar a recovery as a matter of law? The answer is "No." *Lincoln v. R. R.,* 207 N. C., 787, 178 S. E., 601. The issue was for the twelve.

Defendants have apparently misinterpreted plaintiff's testimony. He does not say he knew the train was approaching before going upon the crossing. His statement, "I thought the train was coming from the south," has reference to what he thought after his car had choked down or stopped, due to the direction in which the watchman was looking when he ran out with his stop sign.

The pertinent principle was stated by *Hoke, J.,* in *Shepard v. R. R.,* 166 N. C., 539, 82 S. E., 872, quoting with approval from 33 Cyc., 1028, as follows: "Where a railroad company maintains a flagman, gates, or other signals of warning at a railroad crossing, whether voluntarily or by law or custom, the public generally has a right to presume that these safeguards will be reasonably maintained and attended, and in the ab-sence of knowledge to the contrary, the fact that the gates are open, or automatic bells not ringing, or that the flagman is absent from his post or, if present, is not giving a warning of danger, is an assurance of safety and an implied invitation to cross upon which a traveler familiar with the crossing may rely and act within reasonable limits, on the pre-sumption that it is safe for him to go on the crossing. The extent to which a traveler may rely on such assurance is a question of fact, and while ordinarily the same degree of care and vigilance is not required of a traveler under such circumstances as otherwise, he has no right to rely exclusively upon such circumstances, nor will such presumption or assur-ance excuse the traveler from using every reasonable precaution that an ordinarily prudent man would use under like circumstances. Such facts as the absence or presence of a flagman, or that the gates are open, or that the automatic bells are ringing or not ringing, are merely facts to be considered in determining whether the traveler exercises the degree of care required in attempting to cross."

The same rule was also applied in the cases of *Parker v. R. R.,* 181 N. C., 95, 106 S. E., 755; *Barber v. R. R.,* 193 N. C., 691, 138 S. E., 17; and *Johnson v. R. R.,* 163 N. C., 431, 79 S. E., 690.

The negligence of the defendants is not seriously disputed. The watchman was "out of pocket" as plaintiff approached the crossing. If he had been attentively on duty at that time, the injury might not have occurred. *Shepard v. R. R., supra; Finch v. R. R.,* 195 N. C., 190, 141 S. E., 550.

The case of *Pitt v. R. R.,* 203 N. C., 279, 166 S. E., 67, cited and relied upon by defendants, is easily distinguishable by reason of different fact situations. In the cited case, the plaintiff drove upon the crossing without looking to his left, the direction from which a fast passenger train was approaching, while in the instant case the plaintiff looked in both directions before entering upon the crossing. In like manner, the case of *Rimmer v. R. R.,* 208 N. C., 198, 179 S. E., 753, may be distinguished.

The plaintiff filed a petition for *certiorari* to correct the charge in accordance with the judge's letter. The defendants consent that the correction may be made as requested, and no point is made in respect thereof.

No error.