W. E. BULLOCK v. THE NORFOLK & WESTERN RAILWAY COMPANY.

(Filed 5 January, 1938.)

1. **Railroads § 9—**

Evidence that defendant railroad company failed to give timely warning of the approach of its train to a grade crossing on its main line by signals or lowering the gates maintained at the crossing, or otherwise, is sufficient to be submitted to the jury on the issue of negligence.

2. **Same—**

Where the gates maintained by a railroad company at a grade crossing are raised, the traveling public may assume that the crossing is clear and that they may enter the crossing in safety.

3. **Same—Pedestrian struck at crossing held barred by contributory negligence in failing to look in direction from which train approached.**

Plaintiff entered a grade crossing on foot while the gates were raised, but was watching a shifting engine on one of the fourteen tracks, when he stepped on the main line track and was struck by defendant's train approaching the crossing from the opposite direction without ringing the bell or giving any signal. Plaintiff testified that he could have seen the

train which struck him in time to have avoided injury if he had looked in the direction from which it approached. *Held:* Plaintiff's contributory negligence bars recovery as a matter of law, plaintiff being required to use reasonable care for his own safety notwithstanding the gates were raised at the time he entered the crossing.

APPEAL by plaintiff from *Parker, J.,* at February Term, 1937, of DURHAM. Affirmed.

This is an action to recover damages for personal injuries which the plaintiff suffered when he was struck by a train owned and operated by the defendant on a grade crossing in the city of Durham.

At the close of all the evidence the defendant moved for judgment as of nonsuit. The motion was allowed, and the plaintiff duly excepted.

From judgment dismissing the action as of nonsuit the plaintiff appealed to the Supreme Court, assigning error in the judgment.

*Jos. R. Patton, Jr., and John C. Harmon, Jr., for plaintiff.*
*Whitwell W. Coxe and Guthrie & Guthrie for defendant.*

CONNOR, J. It is conceded that there was evidence at the trial of this action which was sufficient to show that the plaintiff was injured by the negligence of the defendant as alleged in the complaint. *Johnson v. R. R.,* 205 N. C., 127, 170 S. E., 120.

At the time the plaintiff entered upon the crossing the gates which the defendant maintained at the crossing as required by an ordinance of the city of Durham were raised. For this reason the plaintiff was justified in assuming that he could cross defendant's tracks in safety. *Oldham v. R. R.,* 210 N. C., 642, 188 S. E., 106. The evidence for the plaintiff tended to show that the defendant failed to give timely warning, by signals or otherwise, of the approach of its train on its main line to the crossing. This evidence was sufficient to show that the defendant was negligent as alleged in the complaint.

However, plaintiff knew that he would be required to pass over fourteen tracks of the defendant before he could reach a place of safety. Under these circumstances he was required to use reasonable care for his own safety while on the crossing, notwithstanding the gates were raised at the time he entered the crossing. He testified that if he had looked to his right before he stepped on the main line he could have seen defendant's train approaching the crossing and could have avoided his injuries. As he stepped on the main line he was looking to his left, observing a switch engine which was standing on a sidetrack beyond the main line. He did not see the train which struck him until just before it hit him. If he had looked in the direction from which the train approached the crossing he could have seen it, notwithstanding the cars which were standing on the sidetracks to the east of the main line.

By his failure to look to his right, before he stepped on the main line, plaintiff by his own negligence contributed to his injuries, and for that reason he cannot recover on this action damages for the injuries which he suffered when he was struck by defendant's train on its main line at the crossing. *Rimmer v. R. R.,* 208 N. C., 198, 179 S. E., 753.

There is no error in the judgment dismissing the action.

Affirmed.