CLARKSON, J., dissents. *Page 214 
Action to recover damages for alleged personal injury.
The plaintiff, a man about 41 years of age, a blacksmith by trade, was injured on the morning of 7 March, 1937, at the Main Street crossing in the town of Lucama, Wilson County, North Carolina, when struck by a northbound passenger train of defendant, known as a through train, which was not scheduled to stop there. Through the said town the defendant's railway, as a part of its main line from Richmond, in the Commonwealth of Virginia, to Jacksonville, in the State of Florida, consists of two tracks, upon one of which its trains going south are operated and upon the other of which its trains going north are operated.
A short distance north of the passenger station, Main Street, the principal one of the town, crosses the tracks of the defendant at right angles and connects the business section of said town with the State Highway No. 40, which runs parallel to the railroad. Over and along this street and over this crossing many persons pass, in both day and night. This was well known to the defendant, its agents, servants, and employees.
About three-quarters of a mile south of the crossing there is a depression or valley, and trains going from and coming into Lucama disappear from the sight of one standing at the crossing when such trains enter the valley. But a train going north is in plain view of a person standing at the crossing at all times after such train reaches a point one-half to three-quarters of a mile south thereof.
Plaintiff, who had lived in Lucama about a year, left his home about 7:30 on Sunday morning, 7 March, 1937, and upon returning, walked along Main Street and came to the crossing over the defendant's tracks. At that time a southbound freight train was passing. Plaintiff stepped up on the northbound track and stood on the east rail beside the freight train and watched it "go by." As he stepped upon the crossing he looked both north and south. The train was making a great deal of noise. He did not see or hear any train coming from the south going north. He did not look up or down the tracks (north or south) any more after he took his position to wait for the freight train to pass. He stood on the crossing about 30 seconds "when he heard two sharp, short, shrill blows or toots" from the passenger train when it was between fifty to one hundred feet from him, as some of the witnesses said "right on top of him." He then looked and turned to get out of the way, but was hit by the locomotive of the passenger train and was injured. Both his hearing and eyesight were good. He was sober. There was nothing about his appearance "to indicate that he was sick or *Page 215 
anything like that." There was evidence tending to show that: The train gave no signal by whistle or bell other than the distress signal; the train was being operated at a speed of 70 to 80 miles per hour, and, after hitting the plaintiff, it went three-quarters of a mile before it stopped; it carried about 10 to 14 cars, and the town of Lucama had an ordinance which in effect limited the speed of trains operating through the town to 20 miles per hour.
The plaintiff alleged as acts of negligence of the defendant the operation of the train at a rate of speed in violation of the town ordinance, at a highly dangerous rate of speed in and through the town, over and across the streets thereof, without giving warnings and proper signals of its approach; in failing to keep a proper lookout, and in failing to see the plaintiff when it could have seen him.
The defendant denied the allegations of negligence, and pleaded in bar of recovery the alleged contributory negligence of plaintiff.
From judgment sustaining defendant's motion for judgment as of nonsuit at close of plaintiff's evidence, the plaintiff appealed to the Supreme Court and assigned error.
The judgment below, upon the facts revealed in the record on this appeal, is in accordance with well settled legal principles as enunciated in numerous decisions of this Court, which here require no further elaboration. Pope v. R. R., 195 N.C. 67, 141 S.E. 350; Rives v. R. R.,203 N.C. 227, 165 S.E. 709; Young v. R. R., 205 N.C. 530,172 S.E. 177; Rimmer v. R. R., 208 N.C. 198, 179 S.E. 753; Bullock v. R. R.,212 N.C. 760, and cases therein cited.
The factual situation in the Rives case, supra, is almost identical with the present case. In that case, despite that negligence of the defendant was conceded, the plaintiff's intestate was held to be guilty of contributory negligence as a matter of law which barred recovery. The decision there is applicable here.
The judgment of the court below is
Affirmed.
CLARKSON, J., dissents. *Page 216