MATTIE SHERLIN, ADMINISTRATRIX OF THE ESTATE OF C. C. SHERLIN, DECEASED, v. SOUTHERN RAILWAY COMPANY AND W. H. McLEAN, ENGINEER.

(Filed 28 September, 1938.)

1. **Railroads § 10—Evidence held to show contributory negligence as matter of law on part of pedestrian struck on trestle.**

    Evidence tending to show that a pedestrian stepped upon a railroad trestle when the train was approaching and undertook to run across the trestle before the train reached him, and further that the trestle was floored and surfaced with chats with a clear space of three or four feet between the end of the crossties and the retaining sill of the trestle on which pedestrians could stand with safety while a train passed, and that the train hit the pedestrian while he was running between the rails on the trestle, *is held* to disclose contributory negligence as a matter of law on the part of the pedestrian.

2. **Same: Negligence § 10—Doctrine of last clear chance held inapplicable to evidence in this case.**

    The evidence tended to show that a pedestrian was struck while running across a railroad trestle in front of a train, which had signaled its approach with its whistle, that the trestle was floored and surfaced with chats for a distance of three or four feet on either side of the ends of the crossties where a person could stand with safety while a train passed. There was no evidence that defendant's engineer knew of any defect in the pedestrian's hearing. *Held:* The engineer had the right to assume up to the last moment that the pedestrian would get off the track and avoid injury, and the doctrine of last clear chance is inapplicable.

APPEAL by plaintiff from *Alley, J.,* at March Term, 1938, of BUNCOMBE.

Civil action for recovery of damages for alleged wrongful death.

The complaint of plaintiff alleges negligence and damages. Defendants deny the material allegations in the complaint and plead, among other things, contributory negligence of the plaintiff's intestate. Plaintiff, in reply filed, denies contributory negligence, and alleges the last clear chance.

On the trial below plaintiff offered evidence tending to show that: On 24 June, 1937, about 7 o'clock p.m., plaintiff's intestate, C. C. Sherlin, 56 years of age, was struck and killed by a freight train, consisting of 15 to 20 cars and pulled by two engines, the property of the

defendant company, and operated by defendant, W. H. McLean, at the Smith Crossing Trestle in Buncombe County, North Carolina, on the Murphy Branch of the Southern Railway system. The train was coming from the west towards Asheville, North Carolina. The trestle is located within the corporate limits of Asheville but in a "remote, rural and undeveloped section," 1,389 feet north of the Johnson Boulevard public crossing and 465 feet south of the County Home public road crossing. The roadbed of the trestle has flooring for its entire length which extends 3.75 feet on each side of the ends of the crossties to a retaining sill, and is filled in with crushed stone or chats between the ties and out to the retaining sill on a level with them from side to side. The trestle has a maximum height of 23 feet and is 213 feet long. The track to the south towards Johnson Boulevard crossing is straight for approximately 670 feet. At that distance it curves. People walk over the trestle both between and on the outside of the rails. When a train is going over the trestle, the cars do not extend to the end of the ties. This leaves a clear space of three or four feet between the end of the ties and the retaining sill within which to walk while the train is passing. There is a path on the ground along the railroad under the trestle.

The intestate was seen to walk up to the end of the trestle, and to look in the direction from which the train was coming. About that time the train blew for the Johnson Boulevard crossing. Intestate then started to run across the trestle, between the rails, at a rate of speed of seven or eight miles per hour. He did not look back. The train continued to blow several times as it came down the railroad toward the trestle and until the intestate was struck, near the north end of the trestle before he had crossed it. Persons who were 850 feet farther away from the train than intestate heard the crossing and other train blows. The train was traveling at the rate of forty to fifty miles per hour and didn't check up until after it hit him. It stopped with cab on the trestle, about forty-four feet from the end of the trestle next to Asheville, and with the engine beyond the County Home Road crossing. There was evidence that the intestate "couldn't hear good." But there is no evidence that defendants knew about it. There is no evidence as to the distance in which a train of this character making the speed stated above could have been stopped, except the evidence as to where the train did stop.

From judgment as of nonsuit at the close of plaintiff's evidence, plaintiff appealed to the Supreme Court, and assigns error.

*Paul J. Smith and W. Harold Sams for plaintiff, appellant.*
*W. T. Joyner and Jones, Ward & Jones for defendant, appellee.*

PER CURIAM. Conceding, but not deciding, that there is evidence of negligence on the part of the defendant, all the evidence leads to the

conclusion that the intestate was guilty of contributory negligence as a matter of law under the well settled decisions of this Court. In such case the doctrine of last clear chance does not apply. *Redmon v. R. R.,* 195 N. C., 764, 143 S. E., 829; *Rives v. R. R.,* 203 N. C., 227, 165 S. E., 709; *Rimmer v. R. R.,* 208 N. C., 198, 179 S. E., 753; *Stover v. R. R.,* 208 N. C., 495, 181 S. E., 345; *Reep v. R. R.,* 210 N. C., 285, 186 S. E., 318; *Lemings v. R. R.,* 211 N. C., 499, 191 S. E., 39.

All the evidence shows that the intestate stepped upon the trestle when the train was approaching and undertook to run across before the train reached there, and failed. The evidence shows that the trestle was not of the open type in the reported cases, but it was floored and surfaced with chats. Outside the ends of the crossties there was sufficient space for a person to walk or stand there in safety as the train passed.

But, on this record there is not sufficient evidence to justify the submission of an issue of last clear chance. It appears that the intestate was in the apparent possession of his faculties, and there was nothing to put the engineer on notice of any impairment in his hearing, or that he would not step off the track to an existent place of safety before the train hit him. The engineer had the right to assume up to the last moment that he would get off the track, and protect himself.

The judgment below is
Affirmed.