## CLINE v. SOUTHERN RY. CO.

### No. 4695.

Circuit Court of Appeals, Fourth Circuit.

Nov. 15, 1940.

John J. Henderson, of Burlington, N. C., for appellant.

Russell M. Robinson, of Greensboro, N. C. (W. T. Joyner, of Raleigh, N. C., on the brief), for appellee.

Before PARKER, SOPER, and NORTHCOTT, Circuit Judges.

NORTHCOTT, Circuit Judge.

This is an action instituted in the Superior Court of Guilford County, North Carolina, by the appellant, Mrs. Ruby Cline, administratrix of H. H. Cline, deceased, her husband, here referred to as the plaintiff, against the appellee Southern Railway Company, here referred to as the defendant, for the recovery of damages for the alleged wrongful death of her husband.

The action was removed by the defendant to the United States District Court for the Middle District of North Carolina, at Greensboro. A trial was had before a jury in February, 1940, and a verdict returned in favor of the plaintiff for the sum of $5,250. The verdict was set aside by the trial judge who filed a written opinion holding that under the evidence as a matter of law the deceased had been guilty of contributory negligence. Judgment was entered for the defendant and the plaintiff brought this appeal.

On December 6, 1938, the plaintiff's intestate and two of his employees were riding in a truck, owned by him, over a crossing of the Southern Railway tracks just west of the corporate limits of the City of High Point. The following facts were stipulated: that at the crossing where the accident occurred the defendant has three railroad tracks, a spur track and main southbound track and main northbound track; these tracks run in a northeast direction toward High Point from this crossing and the highway either known as the Old Thomasville Road or the Allentown Road crosses these three tracks in a southeasterly direction, and that at the time that the plaintiff's intestate was killed he was travelling in a truck going in a southeasterly direction so that he came first to the spur track, the centre of which is 15½ feet from the centre of the main southbound track and that he crossed the track and that it was 13 feet from the centre of the main southbound track to the centre of the main northbound track, the track on which the collision occurred; that on the southwest side of the highway 15 feet from the centre of the spur track the defendant has an electric signal sign; that the train that collided with the truck was on the north-bound track and was going towards High Point; that at a point before plaintiff's intestate reached the spur track 35½ feet northwest of the centre of the spur track, the view of the three tracks is clear from any obstruction and that from the same point the view is unobstructed for 152 feet to the centre of the northbound track, which is located at a point 140 feet from the point of collision; that when the deceased reached a point 63 feet 11 inches from the centre of the furtherest track where the collision occurred, he could have seen down in the direction from which the train was coming for 152 feet, and from that point up to the crossing is a distance of 140 feet; that to his right as he approached the crossing there was a bank which partially obstructed the view to his right; and that at a point 105 feet down the railroad track along the northbound track toward Thomasville it is 24 feet from the centre of that track across the other tracks to the bottom of the bank and it is 38 feet from the centre of the northbound track to the top of that bank, but that the elevation of the bank is 4-4/10 feet above the elevation of the railroad track; and that at a point 205 feet down the railroad track from the point where the collision occurred it is 24 feet from the centre of the northbound track to the bottom of the same bank and 38 feet from the centre of that northbound track to the top of the bank but the elevation of 8-9/10 feet higher than the railroad track.

There was evidence on behalf of the plaintiff to the effect that the signalling device was not indicating the approach of any train and was out of order, and, that the driver of the truck proceeded to cross the track and the truck was struck by a northbound train and the three men were killed. The train which struck the truck was an extra train, not running on regular schedule. The train was evidently traveling at a high rate of speed and did not stop after the collision for at least one half a mile.

There was evidence on behalf of the plaintiff to the effect that no whistle was blown or bell rung by the train on approaching the crossing. There was a sharp conflict in the evidence as to the condition of the signalling device and as to whether any signal was given by the train before reaching the crossing but, as was stated by the judge below in his opinion, under his charge, the jury evidently found that the signalling device was not working and that

no other warnings were given. In considering the case from the standpoint of the truth of the plaintiff's contention on these two points we must take the plaintiff's evidence as true.

The only material question involved on this appeal is whether the trial judge was correct in his ruling that the evidence showed that the intestate was guilty of contributory negligence as a matter of law. There are a number of decisions of the highest court of North Carolina discussing cases involving somewhat similar facts.

In Moseley v. Atlantic Coast Line R. Co., 197 N.C. 628, 150 S.E. 184, 188, the court said:

"A serious and troublesome question is continually arising as to how far a court will declare certain conduct of a defendant negligence and certain conduct of a plaintiff contributory negligence, and take away the question of negligence and contributory negligence from the jury. The right of trial by jury should be carefully preserved, and if there is any evidence, more than a scintilla, it is a matter for the jury and not the court. * * *

"It is one's duty to use due care, but what acts constitute due care under all circumstances cannot be prescribed in advance, and, when not so prescribed, whether or not due care was exercised becomes a question of fact for a jury, and not one of law for the court."

In Coltrain v. Atlantic Coast Line R. Co. et al., 216 N.C. 263, 4 S.E.2d 853, is found a discussion of a crossing accident case in which the Moseley case, supra, is quoted approvingly.

The plaintiff also relies on the cases of Cashatt v. Brown et al., 211 N.C. 367, 190 S.E. 480, and Oldham v. Seaboard Air Line Ry. Co. et al., 210 N.C. 642, 188 S.E. 106, and cases there cited.

Other North Carolina decisions dealing with questions connected with crossing accidents are numerous.*

A study of these decisions which seem to be in accord with the decisions of the federal courts, on the question here involved, leads us to the conclusion that they hold that while the failure of the railroad signal to work or failure of the train to give warning signals on approaching a crossing will not relieve one, about to cross the track, of exercising due care in looking and listening for an approaching train yet, where there is any substantial doubt, the question of whether due care was exercised is one for the jury.

Here the truck was approaching the crossing at a moderate rate of speed, the warning signal showed the crossing to be clear and there was no signal given by the approaching train. The driver of the truck felt secure in continuing to cross the track without stopping and when he got where he could see the approaching train it may have been too late for him to stop. All the occupants of the truck are dead and cannot testify as to whether they looked or saw the train and whether any effort was made to stop the truck. There was evidence to the effect that the crossing was in very bad condition and rough, one witness testified that it appeared to him that the wheel of the truck was spinning, showing that the truck may have been stalled when hit.

That there was some doubt in the mind of the trial judge is shown by the following statement in his opinion: "If the accident here had occurred on the first track (switch track), or possibly on the second track (south bound main track), perhaps the jury should have been permitted to pass on the contributory negligence, due to the evidence tending to show that the electric signals were not flashing."

The defendant relies upon the decision of this court in Calloway v. Pennsylvania R. Co., 62 F.2d 27, but that is a case in which the automobile was driven into a train already on the crossing and was plainly a case of contributory negligence.

Under the facts of this case, we are of the opinion that the question as to whether the plaintiff's intestate used due care at the crossing was one for the jury. The judg-

---

* Note: Coleman v. Atlantic Coast Line R. Co., 153 N.C. 322, 69 S.E. 251; Shepard v. Norfolk & S. R. Co., 166 N.C. 539, 82 S.E. 872; Pitt v. Atlantic Coast Line R. Co., 203 N.C. 279, 166 S.E. 67; Keller v. Southern Ry. Co., 205 N.C. 269, 171 S.E. 73; Miller v. Southern Ry. Co. et al., 205 N.C. 17, 169 S.E. 811; Kuykendall v. Southern Ry. Co. et al., 208 N.C. 840, 181 S.E. 625; Bullock v. Norfolk & W. Ry. Co., 212 N.C. 760, 194 S.E. 468; Meacham v. Southern Ry. Co. et al., 213 N.C. 609, 197 S.E. 189; Carruthers v. Atlantic R. R. Co., 215 N.C. 675, 2 S.E.2d 878; Coltrain v. Atlantic Coast Line R. Co., supra.

ment appealed from is accordingly reversed and the cause is remanded with direction that judgment be entered for the plaintiff upon the verdict in her favor returned by the jury.

Reversed.