MARVIN SHINAULT, ADMINISTRATOR OF JIMMIE FRANKLIN SHINAULT,
DECEASED, v. CURTIS W. CREED.

(Filed 23 May, 1956.)

**Automobiles §§ 33, 411—**

> Nonsuit was properly entered upon evidence tending to show that intes-
> tate was lying prostrate on the highway very early on a foggy morning,
> and that defendant's car ran over intestate and killed him about the time
> it passed another car traveling in the opposite direction, with further evi-
> dence that defendant was driving at a lawful speed and stopped his car a
> distance of about a car's length after running over intestate, since the
> evidence fails to disclose any negligence on defendant's part or that by
> the exercise of reasonable care he should have discovered intestate's peril-
> ous plight and incapacity before striking him.

APPEAL by plaintiff from *Rousseau, J.,* February Term 1956 of SURRY.
Action by administrator to recover damages for alleged wrongful
death.

Plaintiff's intestate, 18 years of age, about 4:45 a.m., on 6 September
1954, was lying prostrate on the Shoals Road on the defendant's side
of the highway and with his head about a foot from the center line.
The morning was foggy.   The fog was low on the road, and at the point
where the body of the deceased was lying the fog was heavy enough

"to obscure the vision of an automobile approaching at a distance." The road was straight. The defendant was driving his automobile 25 to 30 miles an hour and was meeting an automobile driven by Paul Bullington, who was going 40 to 45 miles an hour. It was stipulated that the speed regulation at the scene was 55 miles per hour. Bullington had just come out of a curve, and straightened out. Both dimmed their lights. About the time these two automobiles passed each other, the defendant's automobile ran over and killed plaintiff's intestate. Defendant's car came practically to a stop after running over deceased. The defendant stopped his automobile in a distance of about the length of a car. There were no skid marks on the road.

At the close of the plaintiff's evidence, the court sustained the defendant's motion for judgment of nonsuit.

From judgment of nonsuit, the plaintiff appealed, assigning error.

*Allen, Henderson & Williams and Folger & Folger for Plaintiff, Appellant.*

*Deal, Hutchins & Minor for Defendant, Appellee.*

PER CURIAM. No negligence is presumed from the mere fact that plaintiff's intestate was run over, and killed by the defendant. The evidence, when considered in the light most favorable to the plaintiff, and giving to him the benefit of every reasonable inference to be drawn therefrom, fails to disclose any negligence on defendant's part, and, in particular, fails to show that the defendant by the exercise of reasonable care could have discovered the perilous plight of the deceased and his incapacity to escape therefrom before he ran over him.

The judgment of nonsuit below is
Affirmed.