**Barney L. CAGLE, Plaintiff,**

v.

**NORFOLK SOUTHERN RAILWAY,**
**Defendant.**

**Civ. No. 322–R.**

United States District Court
M. D. North Carolina,
Rockingham Division.

Sept. 14, 1956.

---

John D. McConnell, Pinehurst, N. C.,
W. D. Sabiston, Jr., Carthage, N. C., for
plaintiff.

Robinson, Jones & Hewson, Charlotte,
N. C., Bynum & Bynum, Rockingham,
N. C., for defendant.

HAYES, District Judge.

The plaintiff has moved for a judgment
on the pleadings and the facts stipulated
in the record.

The plaintiff brought this action to re-
cover damages of the defendant which
the plaintiff alleges he sustained on the
track of the defendant at a private cross-
ing when the defendant's train collided
with the plaintiff's tractor which was
being operated at the time by the plain-
tiff. The defendant pleaded the plain-
tiff's contributory negligence in bar of
his right to recover in that he drove his
tractor onto the railroad track without
stopping, looking or listening and that
he had abundant opportunity to see and
hear the train and to stay off of the
track. The plaintiff filed a reply in which
he undertakes to plead that the defend-
ant had the last clear chance to avoid the
collision. It is to be noted, however, that
there is no allegation to the effect that
the plaintiff was in a helpless position
on the track or that his perilous posi-
tion was apparent to the operators of the
train, which is essential before the last
clear chance becomes available.

At the pre-trial conference it was stip-
ulated that the accident occurred on a
clear day between 2:30 P.M. and 4 P.
M. on May 15, 1954; that the plaintiff
was driving his tractor over a private
road; that if he had looked in the di-
rection in which the train was coming at
any point within forty feet before he en-

tered upon the track he would have seen the train as it approached at least 1,500 feet from the crossing. He was going westwardly across the track at right angles to the track as the train approached from his right. As the plaintiff traveled this last 40 feet and traveling at a very low rate of speed of approximately one mile per hour, there was nothing to obstruct his view of the approaching train for 1,500 feet. It was also stipulated that the area was practically level; that the tractor was traveling at such a slow speed it could have been stopped within 3 feet after it came within 40 feet of the crossing but that the plaintiff did not stop the tractor and did not look for the approach of the train and that his tractor was still in the act of crossing the track at the moment of impact; that the tractor never stopped until the train hit it.

After the court had informed the attorneys that it would grant the motion for judgment in favor of the defendant on the pleadings and the stipulations, the plaintiff has requested the court for permission to amend and the court allows the amendment. From the amendment it appears that the plaintiff has been using this private crossing over his farm for eleven years and that the plaintiff was approaching at a right angle to said crossing as the train approached the plaintiff from the right side.

The doctrine of the last clear chance is firmly established in the law of North Carolina. Redmon v. Southern Railroad Co., 195 N.C. 764, 143 S.E. 829. But it is also necessary to allege and prove facts sufficient to invoke the doctrine. Bailey v. North Carolina Railroad Co., 223 N.C. 244, 25 S.E.2d 833.

Where the plaintiff's contributory negligence continues to the instant of injury and constitutes a proximate cause of the injury, it bars the plaintiff from recovery notwithstanding the doctrine of the last clear chance. Ingram v. Smoky Mountain Stages, Inc., 225 N.C. 444, at page 448, 35 S.E.2d 337.

The principle of the last clear chance does not arise unless and until the plaintiff is in a perilous position where he is unable to extricate himself and his perilous position must be such that the defendant saw or in the exercise of reasonable care should have seen or discovered the plaintiff's peril in time to avoid it and then failed to exercise reasonable care to prevent the injury. Cummings v. Atlantic Coast Line R. Co., 217 N.C. 127, 6 S.E.2d 837, 839.

The last amendment which the court has permitted the plaintiff to file merely establishes that the railroad recognized him as a licensee to use the private crossing and assuming this to be true what it said in the Cummings case above seems to be decisive.

"The doctrine of last clear chance does not apply in cases where the trespasser or licensee upon the track of a railroad, at the time, is in apparent possession of his strength and faculties, the engineer of the train which produces the injury having no information to the contrary. Under such circumstances the engineer is not required to stop the train or to even slacken its speed, for the reason he may assume until the very moment of impact that such person will use his faculties for his own protection and leave the track in time to avoid injury. Redmon v. Southern R. R. Co., supra; Rimmer v. Southern R. Co., 208 N.C. 198, 179 S.E. 753; Pharr v. Southern R. R., 133 N.C. 610, 45 S.E. 1021; Reep v. Southern R. R., 210 N.C. 285, 186 S.E. 318; Lemings v. Southern R. R., 211 N.C. 499, 191 S.E. 39; Sherlin v. Southern R. R., 214 N.C. 222, 198 S.E. 640."

The same principle of law has been sustained in our circuit in Middleton v. Norfolk and Western Ry. Co., 4 Cir., 165 F.2d 907.

In the Bailey case above, notwithstanding that the court conceded that the defendant was negligent in not giving warning of the approach of its train either by bell or whistle and exceeding the speed limit fixed by municipal ordinance

and in allowing the railroad bed to become exposed from 2½ to 3 inches in height and of holes therein, it was held that the driving onto the crossing without stopping was contributory negligence which was the proximate cause of the injury and barred the plaintiff's right to recover.

"It need not appear that his negligence was the sole proximate cause of the injury as this would exclude any idea of negligence on the part of the defendant. * * * It is enough if it contribute to the injury. * * * The plaintiff may not recover, in an action like the present, when his negligence concurs with the negligence of the defendant in proximately producing the injury." [223 N.C. 244, 25 S.E.2d 835.]

In the above case the doctrine is also approved that " 'The engineer had a right to assume up to the very moment of the collision that the plaintiff could and would extricate himself from danger.' "

Judge Brogden in Redmon v. Southern Railroad Co., supra, reviews at length the numerous decisions of North Carolina involving the principle of the last clear chance. Also Judge Winborne likewise summarized and analyzed the cases in Cummings v. Atlantic Coast Line Railroad, above, and Chief Justice Barnhill reviewed them in Ingram v. Smoky Mountain Stages, above. The latest case dealing with the matter is Shinault v. Creech, 244 N.C. 217, 92 S.E.2d 787, in which an operator of an automobile was held not negligent in failing to avoid the injury to a person lying prone across the highway.

From the decisions above referred to two very definite principles emerge. 1. The doctrine of the last clear chance does not arise unless and until the plaintiff is in a perilous position for a sufficient length of time for the defendant to see and recognize his peril or which in the exercise of ordinary prudence he could see in time to avoid the injury. 2. It does not arise if the plaintiff's negligence is continuing to the mo-

ment of injury and constitutes a proximate cause of his injury. The application of either principle bars the plaintiff here. He was never stopped on the track nor in a position of peril so far as the operators of the train knew or had any reason to anticipate or foresee. But his driving the tractor onto the track without looking or listening for the train constituted the proximate cause of his injury, if not the sole cause of it, and in no event is the plaintiff entitled to recover under the facts of this case and a judgment will be entered accordingly.