ALTON WILLIAMSON, BY HIS NEXT FRIEND, HESSIE HUDSON, v. OLD DOMINION BOX COMPANY.

(Filed 1 November, 1933.)

1. **Master and Servant A b: C a—Employment of boy between 14 and 16 years old on duly issued certificate of welfare officer is not unlawful.**

   Where an employer, before employing a boy between 14 and 16 years of age, procures and in good faith relies upon a certificate duly issued by the county welfare officer authorizing such employment, C. S., 5034, the employment of the minor is not unlawful, and the decision in *Mc-Gowan v. Mfg. Co.,* 167 N. C., 192, is not applicable to an action brought by the minor to recover for an injury sustained in the course of his employment.

2. **Master and Servant C a—Violation of C. S., 5033 must be proximate cause of injury in order to entitle employee to recover.**

   In order to make an employer liable in damages for an injury sustained by an employee between 14 and 16 years of age in being required to work more than 8 hours a day in violation of C. S., 5033, it must be shown that the violation of the statute was a proximate cause of the injury complained of.

3. **Master and Servant C b—Evidence held insufficient to establish negligence on part of employer.**

   Where the evidence tends only to show that an employee between 14 and 16 years of age, engaged in an unhazardous duty, was injured by tripping over a lever to a machine placed outside of the provided passageway, without evidence that the machinery was negligently placed in the factory, and that he returned to work several days after the injury and was again similarly injured while attempting to use an elevator solely in a spirit of mischief, without evidence of any defect in the elevator *is held* insufficient to be submitted to the jury in an action against the employer to recover for the injuries.

Appeal by defendant from *Oglesby, J.,* at July Term, 1933, of Randolph. Reversed.

This is an action to recover damages for personal injuries suffered by plaintiff, while at work as an employee of the defendant.

The plaintiff was born on 24 June, 1914. He was employed by defendant during the month of November, 1928, to work in its factory located in the town of Asheboro, N. C. Prior to his employment, he had completed the course of study prescribed by law for the fourth grade in the public schools of this State. He had procured from the welfare officer of the county a card authorizing his employment by the defendant. This card, showing his age, and the permission of the welfare officer for his employment was filed by the plaintiff with the defendant. The plaintiff, during his employment by the defendant, was required to work and did work ten hours per day.

The defendant is a corporation and is engaged in the business of manufacturing small paper boxes. It has no complicated or dangerous machinery in its factory. The duty of the plaintiff as an employee of the defendant, was to stack the paper boxes manufactured by the defendant against the walls on the first floor of the factory, and from time to time to take paper boxes from the first to the second floor. He was not required to work and did not work at or near machinery. There was no danger in the work which the plaintiff was required to do. The process of stacking the paper boxes was simple, and required but little strength or skill. There was a stairway between the first and second floors of the factory, for the use of the employees. There was also an elevator between the two floors, which was used to carry trucks loaded with paper boxes from one floor to the other. This elevator was operated by the use of ropes. The operation was simple and required but little strength or skill.

On 2 February, 1929, while the plaintiff was at work on the second floor of the factory, he left the place at which he was required to work, and started to the elevator. He was running or walking fast to get to the elevator, before it was lowered by another employee. He passed a baling machine, which was located off the passage way to the elevator and tripped over an iron bar which was attached to the machine. This iron bar extended about three or four feet from the machine, but did not extend into the passage way to the elevator. The plaintiff did not see, but could have seen the iron bar, if he had looked carefully. Plaintiff fell to the floor and broke his arm. He was sent by the defendant immediately to a doctor, who set his arm and treated his injuries. He returned to his work the next day.

The plaintiff continued in the employment of the defendant until 10 April, 1929. On said day, while undertaking to operate the elevator

by pulling one of the cords, plaintiff again broke his arm. The plaintiff was not required to operate the elevator, but in a spirit of mischief ran ahead of another employee of the defendant, and jumped upon the elevator, in an effort to move the elevator before the other employee could get to it.

In his complaint, the plaintiff alleged that his injuries, both on 2 February and on 10 April, 1929, were caused by the negligence of the defendant as specifically alleged therein. These allegations were denied in the answer filed by the defendant.

The issues raised by the pleadings were submitted to the jury, and answered in accordance with the contentions of the plaintiff.

From judgment that plaintiff recover of the defendant the sum of $500.00, his damages as assessed by the jury, and the costs of the action, the defendant appealed to the Supreme Court.

*I. C. Moser and J. C. Sedberry for plaintiff.*
*A. I. Ferree and Fred W. Bynum for defendant.*

CONNOR, J. The plaintiff was over fourteen and under sixteen years of age at the time he was employed by the defendant to work in its factory, and also at the times he was injured while working as such employee. Before employing the plaintiff, the defendant, in good faith, procured, relied upon and placed in its files a certificate issued by the welfare officer of Randolph County, in accordance with the rules and regulations prescribed by the State Child Welfare Commission, authorizing the employment, C. S., 5034. The employment was, therefore, not wrongful or unlawful. For this reason the decision of this Court in *McGowan v. Mfg. Co.,* 167 N. C., 192, 82 N. C., 102, is not applicable to the instant case. The fact that the plaintiff was required to work and did work, during his employment, ten hours per day, in violation of the statute, C. S., 5033, has no causal connection with his injuries. It is only when the employment of a child is unlawful because in violation of the statute, that such violation is in itself evidence of actionable negligence; when the employment was not in violation of the statute, but the employee is required to work and does work more than eight hours per day, and is injured while at work, there must be evidence tending to show that the violation of the statute was a proximate cause of the injury; otherwise the plaintiff is not entitled to recover damages for injuries suffered by him while engaged in the performance of his duties.

There was no evidence tending to show that defendant was negligent in the location within its factory of the baling machine, or that there was any defect in the elevator. After carefully considering all the evidence

appearing in the record, we cannot escape the conviction that plaintiff's injuries were caused by his own negligence, and not by any negligence on the part of the defendant. *Tart v. R. R.,* 202 N. C., 52, 161 S. E., 720.

There was error in the refusal of defendant's motion for judgment dismissing the action as of nonsuit. For that reason, the judgment is

Reversed.