instate the action on the docket for suit. On its findings of fact, the court concluded that plaintiff's cause of action was not meritorious, and denied the motion. Plaintiff appealed to the Supreme Court.

*M. Hugh Thompson and C. J. Gates for plaintiff.*
*Finch, Rand & Finch and David D. Isear for defendants.*

PER CURIAM. The motion of the plaintiff that the judgment of nonsuit be set aside, and the action be reinstated on the docket for trial, was addressed to the discretion of the court. For that reason the order denying the motion is not reviewable by this Court. The appeal must be dismissed.

The plaintiff did not except to the findings of fact on which the court concluded that plaintiff's cause of action is without merit. On these findings, the conclusion of the court was correct, and is in accord with authoritative decisions of this Court. See *Parham v. Hinnant, ante,* 200.

Appeal dismissed.

---

G. T. HAYNIE, ADMINISTRATOR OF THE ESTATE OF GEORGE HAYNIE, v. SOUTHERN RAILWAY COMPANY.

(Filed 28 February, 1934.)

**Railroads D c—Evidence of contributory negligence of plaintiff's intestate held to bar recovery as a matter of law.**

　　Judgment of nonsuit entered in an action by an administrator of a 13-year-old boy of normal intelligence to recover for the boy's death, resulting from an injury received when the boy fell between moving cars of a freight train on which he was riding, is affirmed on authority of *Tart v. R. R.,* 202 N. C., 52.

APPEAL by plaintiff from *McElroy, J.,* at September Term, 1933, of MADISON. Affirmed.

This is an action to recover damages for the death of plaintiff's intestate alleged to have been caused by the negligence of the defendant.

The plaintiff offered evidence tending to show that he is the father of George Haynie, who was living with plaintiff in, or near Marshall, in Madison County, N. C., at the time he sustained the injuries which occasioned his death, and that these injuries were the proximate cause of his death, which occurred in an Asheville hospital on the day following the injuries aforesaid; that plaintiff's intestate slept at the home of plaintiff, and got his meals there; plaintiff testified that his son, the intestate, was thirteen years and four months old at the time

of his death, though the school records show he was fourteen years and four months old; that plaintiff's intestate was a smart, bright boy, had completed the sixth grade in school, and was going into the seventh grade when school opened again; that said boy knew the difference between right and wrong, and that said George Haynie was riding on one of defendant's freight trains, contrary to his father's instructions, and without plaintiff's consent, and unlawfully, and without the knowledge or consent of the defendant, when he sustained the injuries which terminated his life.

That when injured, George Haynie, had fallen between the freight cars on defendant's freight train, traveling towards Asheville, from Marshall, and within sight of his father's home, on a hill near defendant's railroad track; that he apparently fell while climbing over a coal car partially filled with chat, in which he had been riding, and as if he were attempting to grasp the ladder on a box car immediately in front of the moving coal car.

That when he fell, one arm and leg fell across the track in such a manner that the defendant's freight train passed over them and crushed them between the wheels and the rail. That this injury occurred about midday, while said train was running between twelve and eighteen miles an hour on 11 May, 1932, and that a number of hoboes were riding on defendant's freight train at the time.

That defendant's freight trains, running through the town of Marshall and Madison County, were frequently used by hoboes as a means of transportation, and plaintiff had whipped his son, the intestate, for riding on defendant's freight trains.

That on the morning of 11 May, 1932, the day plaintiff's intestate was mortally injured, plaintiff had been informed that his son, George Haynie, was seen at Sandy Bottoms, a place about ten miles west of Marshall, on one of defendant's freight trains, which was going in a direction away from Marshall. That in consequence of this information plaintiff approached one of defendant's freight trains which had passed through Sandy Bottoms on its way to Asheville, and which had stopped in the town of Marshall, at defendant's water tank, to take water, and that the plaintiff accosted the conductor of said freight train, and told him he was looking for a boy on his freight train, and wanted to get his boy from said train; that he asked the conductor to put him off the freight train, whereupon the conductor replied that he had no time to fool with hoboes, and walked on towards the engine. Plaintiff remained where he was until the train left, and then returned into his restaurant.

That within about fifteen minutes after plaintiff's demand on the conductor, of defendant's freight train, plaintiff's intestate was mortally injured while riding on this train.

At the close of the evidence the court dismissed the action as in case of nonsuit. The plaintiff excepted and appealed.

*George F. Meadows and Charles E. Jones for plaintiff.*
*R. C. Kelly and Jones & Ward for defendant.*

PER CURIAM. The judgment of nonsuit is sustained by the following authorities: *Tart v. R. R.,* 202 N. C., 52; *Foard v. Power Co.,* 170 N. C., 48; *Baker v. R. R.,* 150 N. C., 562; *Meredith v. R. R.,* 108 N. C., 616.
Affirmed.

EDWARDS AND LEATHERWOOD v. W. L. McCOY AND HIS WIFE,
ADA McCOY.

(Filed 28 February, 1934.)

**Appeal and Error E d—**

A motion for *certiorari* directing the trial court who settled the case on appeal to amend or correct the case on appeal will be dismissed where movant does not make it appear that the trial court is willing to make the requested changes.

APPEAL by defendants from *Alley, J.,* at November Term, 1933, of MACON. No error.

This is an action to recover for professional services rendered by the plaintiffs as attorneys and counsellors at law to the defendants, at their request, and on their promise to pay to the plaintiffs the reasonable value of said services.

The issues submitted to the jury were answered favorably to the contentions of the plaintiffs.

From judgment that plaintiffs recover of the defendants the sum of $1,000, and the costs of the action, the defendants appealed to the Supreme Court.

*G. A. Jones and Geo. B. Patton for plaintiff.*
*W. L. McCoy for defendants.*

PER CURIAM. Defendants' petition filed in this Court for a writ of *certiorari* directing the judge who presided at the trial of the action in the Superior Court, and who upon disagreement of counsel, settled the case on appeal, to amend the case on appeal, must be dismissed. It appears that no exception was taken by the defendants to the matter which they wish included in the case on appeal, and that on the contrary