This is an action to recover damages for the death of plaintiff's intestate alleged to have been caused by the negligence of the defendant.
The plaintiff offered evidence tending to show that he is the father of George Haynie, who was living with plaintiff in, or near Marshall, in Madison County, N.C. at the time he sustained the injuries which occasioned his death, and that these injuries were the proximate cause of his death, which occurred in an Asheville hospital on the day following the injuries aforesaid; that plaintiff's intestate slept at the home of plaintiff, and got his meals there; plaintiff testified that his son, the intestate, was thirteen years and four months old at the time *Page 204 
of his death, though the school records show he was fourteen years and four months old; that plaintiff's intestate was a smart, bright boy, had completed the sixth grade in school, and was going into the seventh grade when school opened again; that said boy knew the difference between right and wrong, and that said George Haynie was riding on one of defendant's freight trains, contrary to his father's instructions, and without plaintiff's consent, and unlawfully, and without the knowledge or consent of the defendant, when he sustained the injuries which terminated his life.
That when injured, George Haynie, had fallen between the freight cars on defendant's freight train, traveling towards Asheville, from Marshall, and within sight of his father's home, on a hill near defendant's railroad track; that he apparently fell while climbing over a coal car partially filled with chat, in which he had been riding, and as if he were attempting to grasp the ladder on a box car immediately in front of the moving coal car.
That when he fell, one arm and leg fell across the track in such a manner that the defendant's freight train passed over them and crushed them between the wheels and the rail. That this injury occurred about midday, while said train was running between twelve and eighteen miles an hour on 11 May, 1932, and that a number of hoboes were riding on defendant's freight train at the time.
That defendant's freight trains, running through the town of Marshall and Madison County, were frequently used by hoboes as a means of transportation, and plaintiff had whipped his son, the intestate, for riding on defendant's freight trains.
That on the morning of 11 May, 1932, the day plaintiff's intestate was mortally injured, plaintiff had been informed that his son, George Haynie, was seen at Sandy Bottoms, a place about ten miles west of Marshall, on one of defendant's freight trains, which was going in a direction away from Marshall. That in consequence of this information plaintiff approached one of defendant's freight trains which had passed through Sandy Bottoms on its way to Asheville, and which had stopped in the town of Marshall, at defendant's water tank, to take water, and that the plaintiff accosted the conductor of said freight train, and told him he was looking for a boy on his freight train, and wanted to get his boy from said train; that he asked the conductor to put him off the freight train, whereupon the conductor replied that he had no time to fool with hoboes, and walked on towards the engine. Plaintiff remained where he was until the train left, and then returned into his restaurant.
That within about fifteen minutes after plaintiff's demand on the conductor, of defendant's freight train, plaintiff's intestate was mortally injured while riding on this train. *Page 205 
At the close of the evidence the court dismissed the action as in case of nonsuit. The plaintiff excepted and appealed.
The judgment of nonsuit is sustained by the following authorities: Tartv. R. R., 202 N.C. 52; Foard v. Power Co., 170 N.C. 48; Baker v. R. R.,150 N.C. 562; Meredith v. R. R., 108 N.C. 616.
Affirmed.