R. E. VAN DYKE, ADMINISTRATOR OF THE ESTATE OF THE LATE CHARLES VAN DYKE, DECEASED, v. ATLANTIC GREYHOUND CORPORATION AND L. M. ROBINSON.

(Filed 9 October, 1940.)

1. **Appeal and Error § 40e—**

On appeal from judgment dismissing the action as of nonsuit, the Supreme Court will review the evidence tending to support plaintiff's cause of action and consider it in the light most favorable to him.

2. **Automobiles § 18c—Evidence held to disclose contributory negligence as a matter of law on part of cyclist turning in front of bus on highway.**

The evidence tended to show that intestate was riding a bicycle and that the corporate defendant was operating two buses on the highway, all three vehicles traveling in the same direction, that when the first bus approached and started to pass the bicycle the bus driver blew the horn and the cyclist turned to his right and rode his bicycle on the dirt shoulder, which at that point was about four feet wide, that corporate defendant's second bus was following the first bus at a distance of 100 feet to 100 yards, that the cyclist suddenly and without warning or notice of his intention to do so, turned to his left onto the hard surface of the highway when only about 15 feet in front of the second bus, that the driver of the second bus cut sharply to his left and ran the bus into the ditch on the left side of the highway in an effort to avoid striking the cyclist but that the right front corner of the bus struck the bicycle, causing the death of the cyclist. The testimony variously fixed the speed of the buses at from twenty-five to forty miles per hour, and there was some evidence that the second bus did not sound its horn until too late. *Held:* Considering the evidence in the light most favorable to the plaintiff and conceding that the evidence may tend to show some negligence on the part of the defendants, the evidence discloses contributory negligence on the part of the cyclist as a matter of law, which was the proximate cause or one of the proximate causes of the accident, and defendants' motion to nonsuit was properly granted.

3. **Automobiles § 9d—**

Under our motor vehicle statute a bicycle is deemed a vehicle, and the rider of a bicycle upon the highway is subject to the applicable provisions of the statutes relating to motor vehicles. Public Laws 1939, ch. 275.

4. **Automobiles § 18e—Doctrine of last clear chance held not applicable upon the evidence in this case.**

Evidence tending to show that a cyclist riding on the shoulder of a highway on his right suddenly and without giving notice of his intention to do so, turned to his left onto the hard surface portion of the highway immediately in front of defendants' bus, without evidence that the driver of the bus had any reason to apprehend that the cyclist was in a position of peril, is insufficient to invoke the doctrine of the last clear chance.

**5. Negligence § 12—**

> Where a boy 14 years of age is shown by the evidence to be exceptionally smart, well grown and intelligent for his age, with good hearing and eyesight, he is amenable to the ordinary rules relating to contributory negligence. .

APPEAL by plaintiff from *Carr, J.,* at June Term, 1940, of VANCE. Affirmed.

This was an action for damages for wrongful death of plaintiff's intestate alleged to have been caused by the negligence of the defendants. The defendants denied the allegations of negligence and set up as a further defense the contributory negligence of plaintiff's intestate. At the close of the evidence, motion for judgment of nonsuit was allowed, and from judgment dismissing the action, plaintiff appealed.

*J. P. & J. H. Zollicoffer, A. A. Bunn, and J. H. Bridgers for plaintiff, appellant.*

*Douglass & Douglass and Gholson & Gholson for defendants, appellees.*

DEVIN, J. The principal question presented by this appeal is addressed to the correctness of the ruling of the court below in allowing the motion for judgment of nonsuit. This renders it necessary to examine the evidence upon which plaintiff's asserted right to maintain his action depends, and to consider this evidence in the light most favorable for him.

Plaintiff's intestate, a boy 14 years of age, on the morning of 25 August, 1939, was riding a bicycle on the highway near the corporate limits of the city of Henderson, proceeding eastwardly on the Louisburg Road. The day was clear and the road was level and straight. The defendant, the Atlantic Greyhound Corporation, was operating two large buses on the highway, both proceeding in the same direction as plaintiff's intestate. The distance between the buses was testified to be 100 feet, though other witnesses estimated this distance at 100 yards. The evidence tended to fix the speed of the buses at from twenty-five to forty miles per hour. Plaintiff's intestate had delivered a paper to a house on the south side of the highway, and had ridden back to the highway.

As the first or front bus approached plaintiff's intestate he was riding upon the paved portion of the highway, and when the horn of the bus was sounded he rode off on the shoulder of the highway, which was four and a half feet wide at that point, and was riding three feet from the edge of the pavement. As the second bus, the one following in the rear of the first, approached, plaintiff's intestate suddenly, and without giving

any notice of his intention so to do, turned to his left on the paved portion of the road and immediately in front of the bus, where he was struck and killed. There was some evidence that the bus which struck the plaintiff's intestate did not sound the horn until too late, and that just as the boy came on the pavement immediately in front of the bus, a distance estimated at fifteen or twenty feet, the driver of the bus turned sharply to his left to avoid striking the boy, but "the extreme right front corner" of the bus "mashed in" the left side of the bicycle, causing the death of plaintiff's intestate. The bus ran off into the ditch on the left of the highway.

One of plaintiff's witnesses, a highway patrolman, testified that the driver of the second bus stated he blew his horn "and the boy on the bicycle suddenly and without any warning cut his bicycle to the left and ran squarely in front of the bus. . . . The boy shot directly in front of him (the driver of the bus) and he could not help it."

Another witness for plaintiff, an eyewitness, described the accident as follows: "The boy was on the dirt shoulder when the first bus passed him. The second bus did not blow. . . . The first bus went on by and just as the second bus got right close to him, while he was then on the shoulder, he cut from the shoulder in front of the oncoming bus. . . . He ran squarely on to the paved highway immediately in front of the oncoming bus . . . ran on the paved portion of the highway right immediately in front of the bus when the bus was right on him. . . . When the boy ran up on the paved portion of the highway in front of the bus (the bus) must have been not more than fifteen feet from him. If he had looked to the left at all before he went on the paved highway there was nothing to keep him from seeing the bus. . . . It was perfectly apparent to me then that there was no way to keep the bus from hitting him when he ran right immediately in front of it."

Another witness testified that the bus was traveling at the rate of thirty-five miles per hour, and that the bus struck the bicycle from the rear and the boy fell toward the center of the road. This witness could not say in which direction the boy was going, as he saw the boy, the bicycle and the bus at the same time, just as the bus was striking him.

It was also in evidence that plaintiff's intestate was an unusually smart boy, well grown for his age, highly intelligent, his hearing and eyesight good, that he was very active and "very quick in mind."

While the testimony relating to this unfortunate occurrence, taken in the light most favorable for the plaintiff, might tend to show some negligence on the part of defendants, a careful consideration of all the evidence offered by plaintiff leads us to the conclusion that the failure of plaintiff's intestate to exercise due care and precaution for his own

safety must be held to constitute the sole proximate cause, or at least a proximate contributing cause, of his injury and death. There was no evidence which would permit an inference other than that the boy, without signal or warning, and apparently without looking or seeing the oncoming bus, turned suddenly in front of the bus at a time when, in spite of the efforts of the driver, it was too late to avoid striking the bicycle. There are no circumstances here which would relieve the plaintiff's intestate of the conclusive imputation of contributory negligence. *Butner v. Speas,* 217 N. C., 83; *Smith v. Sink,* 211 N. C., 725, 192 S. E., 108; *Williamson v. Box Co.,* 205 N. C., 350, 171 S. E., 335; *Tart v. R. R.,* 202 N. C., 52, 161 S. E., 720; *Harrison v. R. R.,* 194 N. C., 656, 140 S. E., 598; *Meredith v. R. R.,* 108 N. C., 616, 13 S. E., 137.

It will be noted that under our motor vehicle statutes a bicycle is deemed a vehicle, and the rider of a bicycle upon the highway is subject to the applicable provisions of the statutes relating to motor vehicles. Public Laws 1939, ch. 275.

There was no evidence to support plaintiff's plea seeking to invoke the principle of last clear chance. *Morris v. Transportation Co.,* 208 N. C., 807, 182 S. E., 487; *Haynes v. R. R.,* 182 N. C., 679, 110 S. E., 56. There was no evidence that more than a fraction of a second elapsed after plaintiff turned on to the pavement before the collision between the bus and the bicycle occurred. Nor was there evidence that there was anything to indicate to the driver of defendant's bus that plaintiff's intestate was in a position of peril, or that he intended to turn to his left upon the pavement in front of the bus. *Rimmer v. R. R.,* 208 N. C., 198, 179 S. E., 753; *Redmon v. R. R.,* 195 N. C., 764, 143 S. E., 829; *Sherlin v. R. R.,* 214 N. C., 222, 198 S. E., 640.

While plaintiff's intestate was only fourteen years of age, the evidence as to his intelligence and capacity was sufficient to show that he was amenable to the ordinary rule of contributory negligence as a bar to the action. *Meredith v. R. R., supra; Baker v. R. R.,* 150 N. C., 562, 64 S. E., 506; *Tart v. R. R., supra; Haynie v. R. R.,* 206 N. C., 203, 173 S. E., 283.

Plaintiff's exception to the admission of the answer to a question propounded to one of defendants' witnesses, brought forward in plaintiff's assignments of error, cannot be sustained.

We conclude that the judgment of nonsuit entered in the court below should be

Affirmed.