JOSEPH WILLIAM EDWARDS, BY HIS NEXT FRIEND, JOE S. EDWARDS
v. ROBERT ALLEN EDWARDS

No. 682SC254

(Filed 11 December 1968)

**1. Negligence § 30—— personal injury action —— minor falling from rear of truck —— nonsuit**

In an action for personal injury allegedly sustained when the 14-year-old plaintiff fell off the rear of a pickup truck operated by defendant,

judgment of nonsuit is properly entered where the evidence tends to show that plaintiff was asked by his brother, the defendant, to help defendant move furniture from one house to another by means of the pickup and that plaintiff, when he fell, was riding on the rear of the truck at defendant's request in order to keep a wardrobe from falling therefrom, but there is no evidence to disclose why plaintiff fell off the truck other than he stopped holding on to the side rail.

**2. Negligence § 29— judgment of nonsuit**

If plaintiff's evidence fails to establish any of the essential elements of negligence, judgment of nonsuit is proper.

**3. Negligence § 18— contributory negligence of 14-year-old plaintiff**

In action for personal injury allegedly sustained when the 14-year-old plaintiff fell off the rear of a pickup truck operated by defendant, there is no evidence that the plaintiff did not have the capacity and discretion of the average person his age, and conceding that it was negligence for defendant to ask plaintiff to ride on the rear of the truck, it was also negligence for plaintiff to ride there.

APPEAL by plaintiff from *Cohoon, J.,* 29 April 1968 Civil Session of BEAUFORT County Superior Court.

Plaintiff alleges that he was injured when he fell off the rear of a pick-up truck operated by defendant and that such fall was proximately caused "by the negligence of the defendant in placing the plaintiff in the said position in which he was riding and by his failure to use the care necessary under such extraordinary circumstances and failing to drive at a very slow rate of speed."

At the close of plaintiff's evidence, upon motion of the defendant, judgment as of nonsuit was entered.

Plaintiff appealed, assigning error.

*Wilkinson & Vosburgh by James R. Vosburgh for the plaintiff.*
*Rodman & Rodman by Edward N. Rodman for the defendant.*

MALLARD, C.J.

[1]　The evidence, in substance, tends to show that plaintiff on the date of the alleged occurrence was an infant, 14 years of age. The defendant, brother of plaintiff, was 23 years of age. On 16 September 1966 plaintiff was helping defendant move his furniture from one house to another about two and one-half miles distant. Defendant told plaintiff to stand up in the rear of the truck to keep the wardrobe from falling off the truck. The wardrobe and other furniture was placed within the body of the pick-up truck. The rear three feet of the body of the truck had nothing on it. Plaintiff put one

hand on the side of the truck, which was about three and one-half feet high, and held on to keep from falling off. He placed his other hand on the wardrobe to keep it from falling. Plaintiff could see and did see that the furniture was not tied down and that the tail gate was down. His brother was operating the truck at a speed of about 35 or 45 miles per hour on an asphalt road with rocks on top of it. They had travelled about a mile, had come around a curve, and were on a straight stretch of road when the plaintiff fell off the truck. The pick-up truck did not swerve. Plaintiff describes what happened as follows:

> "Well, I was squatted down with one hand on the side of the truck and the other hand on the wardrobe and it looked like it started back, so I stood up, looked like it started back. I put both hands on it. That is the last thing I remember."

The evidence further tends to show that the wardrobe did not fall. The plaintiff's arm or shoulder, the evidence is not clear which, was broken. He spent some time in the hospital, and he has some permanent disability to his shoulder.

> "In order to make out a case of actionable negligence the plaintiff must show (1) the defendant has failed to exercise proper care in the performance of a duty owed to the plaintiff; (2) that the negligent breach of that duty was the proximate cause of the plaintiff's injury; (3) that a person of ordinary prudence should have foreseen such result was probable under the conditions as they existed." *Burr v. Everhart,* 246 N.C. 327, 98 S.E. 2d 327.

[2]    If the evidence fails to establish any of these essentials, the judgment of nonsuit is proper. *Pittman v. Frost,* 261 N.C. 349, 134 S.E. 2d 687.

We are of the opinion and so hold that when tested by applicable standards, the evidence is insufficient to make out a case of actionable negligence against the defendant.

Under the circumstances disclosed by the evidence, it was not actionable negligence for the defendant to ask and permit plaintiff to ride on the rear of the truck. *Skinner v. Jernigan,* 250 N.C. 657, 110 S.E. 2d 301. The evidence does not disclose why plaintiff fell out of the truck other than he stopped holding on to the side rail. It is probable that plaintiff would not have fallen if he had continued to hold on to the side of the truck with one hand.

> "An infant of the age of fourteen years is presumed to have sufficient capacity to be sensible of danger and to have power to

avoid it, and this presumption will stand until rebutted by clear proof of the absence of such discretion as is usual with infants of that age." *Welch v. Jenkins*, 271 N.C. 138, 155 S.E. 2d 763.

"A 14-year-old boy is presumed capable of contributory negligence to the same extent as an adult, and this presumption obtains as a matter of law in the absence of evidence that the boy did not have the capacity, discretion, and experience which would ordinarily be possessed by a boy of his age." 6 Strong, N. C. Index 2d, Negligence, § 18.

[3] There is no evidence or contention that plaintiff did not have the capacity and discretion of the average person of 14 years of age. Plaintiff knew the condition of the truck and the furniture when he undertook to ride on the rear of the truck. If it was negligence, and we hold it was not, for the defendant to ask plaintiff to ride on the rear of the truck, it was also negligence for the plaintiff to ride on it.

The evidence is that the plaintiff fell off the truck, not that he was thrown off. There is no evidence that the speed at which the defendant was operating the truck had any causal or contributing effect as to defendant's fall.

We are of the opinion and so decide that the evidence was not sufficient to require the submission of the case to the jury and that the entry of the judgment of nonsuit was correct.

Affirmed.

CAMPBELL and MORRIS, JJ., concur.