BRUCE VAN BROOKS v. HARRY K. BOUCHER, ADMINISTRATOR OF THE ESTATE OF JOHN HENRY DOBBINS

No. 7429SC477

(Filed 7 August 1974)

1. Automobiles § 40— crossing at point other than crosswalk — duties of pedestrian

A pedestrian crossing a street at a point other than a marked or unmarked crosswalk must yield the right-of-way and must con-

stantly watch for oncoming traffic before he steps into the street and while he is crossing. G.S. 20-174(a).

**2. Automobiles § 83— crossing at point other than crosswalk — contributory negligence of pedestrian**

In an action to recover for injuries sustained by a fourteen-year-old pedestrian when he was struck by defendant's car, plaintiff's evidence disclosed that he was contributorily negligent as a matter of law in failing to watch for approaching vehicles and to yield the right-of way while crossing the street at a point where there was no marked or unmarked crosswalk.

APPEAL by plaintiff from *Webb, Judge,* 14 January 1974 Session of Superior Court held in RUTHERFORD County.

Heard in Court of Appeals 13 June 1974.

Plaintiff brought this action to recover damages for personal injuries suffered on 16 February 1968 when he was struck by an automobile driven by John Henry Dobbins in the town of Spindale. Dobbins died before the trial of the case, and the administrator of his estate, Harry K. Boucher, was substituted as defendant. The case was tried in the Superior Court of Rutherford County, and at the conclusion of plaintiff's evidence, the court granted a directed verdict in favor of defendant. Plaintiff appealed to this Court.

*Hamrick and Hamrick, by J. Nat Hamrick, for plaintiff appellant.*

*Morris, Golding, Blue & Phillips, by James N. Golding, for defendant appellee.*

BALEY, Judge.

When defendant moves for a directed verdict, the evidence must be considered in the light most favorable to the plaintiff. *Anderson v. Butler,* 284 N.C. 723, 202 S.E. 2d 585; *Homes, Inc. v. Bryson,* 273 N.C. 84, 159 S.E. 2d 329. Considered in this manner, the evidence in this case tends to show the following: Higgins Cafe is located on the south side of Main Street, which runs east and west in the town of Spindale. Oak Street intersects with Main Street at a point 120 to 145 feet east of Higgins Cafe. On 16 February 1968, plaintiff was fourteen years old. He and a group of other boys went to Spindale about 10:30 p.m. and ate at Higgins Cafe. After they finished their meal about an hour later, they left the cafe and walked or jogged eastward on the south side of Main Street and crossed to the north side. The

evidence is somewhat vague as to the exact place of the crossing and ranged, by plaintiff's estimates, between 15 and 75 feet west of the intersection. In the light most favorable to him, plaintiff's evidence is clear that he was crossing at a point which was not within a pedestrian crosswalk, either marked or unmarked. Before starting across the street, plaintiff looked for approaching traffic and did not see any. When he reached the center line of Main Street, plaintiff again looked for oncoming traffic, and he observed Dobbins' car about six or eight feet away, approaching him from the right. Plaintiff did not have time to get out of the path of Dobbins' car, and the car struck him. He "was slung up on the hood of the car and . . . fell off on the pavement," and suffered a broken leg. Dobbins was charged with speeding in excess of 20 miles per hour in a 20-mile zone and pleaded guilty.

[1]   Plaintiff's evidence shows that he crossed Main Street just to the west of its intersection with Oak Street, at a point where there was no marked or unmarked crosswalk. Under G.S. 20-174(a), a pedestrian crossing a street at a point other than a marked or unmarked crosswalk must yield the right-of-way. Failure to yield the right-of-way is not negligence per se, *Blake v. Mallard,* 262 N.C. 62, 136 S.E. 2d 214, but it does constitute evidence of negligence. *Blake v. Mallard, supra; Anderson v. Mann,* 9 N.C. App. 397, 176 S.E. 2d 365. A pedestrian who crosses the street at a point where he does not have the right-of-way must constantly watch for oncoming traffic before he steps into the street and while he is crossing. *Rosser v. Smith,* 260 N.C. 647, 133 S.E. 2d 499; *Garmon v. Thomas,* 241 N.C. 412, 85 S.E. 2d 589. If he sees a vehicle approaching him, he must move out of its path. *Anderson v. Carter,* 272 N.C. 426, 158 S.E. 2d 607; *Price v. Miller,* 271 N.C. 690, 157 S.E. 2d 347. A pedestrian who fails to take these precautions cannot be said to exercise reasonable care for his own safety.

[2]   In this case plaintiff testified that he looked for approaching traffic before he began to cross Main Street. But after he started across the street, he did not look for oncoming traffic again until he reached the center line. If he had looked to his right during this interval, he could have seen Dobbins' car and would have had time to get out of its path. Plaintiff's failure to watch for approaching vehicles while crossing the street and to yield the right-of-way constitutes contributory negligence, and this negligence was one of the proximate causes of his injury.

A fourteen-year-old child may be held contributorily negligent as a matter of law. *See Welch v. Jenkins,* 271 N.C. 138, 155 S.E. 2d 763; *Van Dyke v. Atlantic Greyhound Corp.,* 218 N.C. 283, 10 S.E. 2d 727; *Edwards v. Edwards,* 3 N.C. App. 215, 164 S.E. 2d 383.

The trial court properly granted defendant's motion for a directed verdict, and its judgment is affirmed.

Affirmed.

Judges MORRIS and VAUGHN concur.