LOUIS FRANCIS, JR. v. JAMES RODNEY BRICKHOUSE

No. 801SC295

(Filed 4 November 1980)

**Automobiles §§ 62, 83, 89.1– striking pedestrian in parking lot – negligence and contributory negligence as jury questions – last clear chance**

In an action to recover for personal injury sustained by plaintiff when he was struck by defendant in a parking lot, the trial court erred in directing verdict for defendant and should have submitted to the jury issues as to defendant's negligence in accelerating his automobile in the parking lot when he saw a pedestrian, as to plaintiff's contributory negligence in walking across the driveway of the parking lot without taking a second look after he saw defendant turning at the back of the lot, and as to last clear chance since the lot was 195 feet deep and it was for the jury to decide whether defendant, by the exercise of reasonable vigilance, could have avoided hitting plaintiff who, due to his inattention, had placed himself in a position of helpless peril.

APPEAL by plaintiff from *Barefoot, Judge.* Judgment entered 30 November 1979 in Superior Court, CHOWAN County. Heard in the Court of Appeals 18 September 1980.

This is an action for personal injury. The plaintiff was struck by an automobile driven by the defendant in the lot of P and Q Supermarket in Edenton, North Carolina, at approximately 10:15 p.m. on 12 November 1978. The evidence showed that defendant drove his automobile into the parking lot from Broad Street. The automobile was stopped heading in an easterly direction toward the back of the parking lot. The plaintiff stood on the passenger side of the automobile and had a conversation with defendant's fiance who was seated on the passenger side. At this time, the defendant was seated on the driver's side of the automobile and was talking to some young men. Plaintiff testified that he drank two cans of beer earlier that day but had nothing to drink after he arrived at the parking lot at approximately 7:30 p.m. Plaintiff testified further that after he finished talking to defendant's fiance, he left "what would be the main driveway" in the parking lot and "was just standing around talking." He saw the defendant's automobile turning at the back of the lot as if to head back toward Broad Street. He did not look toward the back of the lot again but started walking across the lot. After he had walked approx-

imately eight feet, he was struck by the automobile being driven by the defendant.

Adrian Britton Phelps testified that she was riding with her former husband past the parking lot when she saw the plaintiff lying on the ground. They continued riding and returned to the parking lot a few minutes later. She testified over objection that she talked to the defendant's fiance who told her that the defendant saw Joe Twiddy in the parking lot and "just kidding" he accelerated the automobile, that Twiddy stepped back and before the defendant could brake the automobile, it struck the plaintiff.

The defendant offered evidence that he was driving at a speed of 15 to 20 miles an hour, that plaintiff was under the influence of alcohol and jumped in front of the automobile.

At the close of all the evidence, the court directed a verdict for the defendant.

*Pritchett, Cooke and Burch, by William W. Pritchett, Jr., for plaintiff appellant.*

*Leroy, Wells, Shaw, Hornthal, Riley and Shearin, by Dewey W. Wells, for defendant appellee.*

WEBB, Judge.

We note at the outset that the testimony of Adrian Britton Phelps as to what the defendant's fiance told her is hearsay and should have been excluded. It was not admissible as a spontaneous utterance. *See* 1 Stansbury's N.C. Evidence § 164, p. 554 *et seq.* (Brandis rev. 1973). In determining whether the defendant's motion for a directed verdict was properly allowed, we must consider this evidence although it was erroneously admitted. *Beal v. Supply Co.*, 36 N.C. App. 505, 244 S.E. 2d 463 (1978). We hold that considering the evidence in the most favorable light to the plaintiff, the jury could conclude that by accelerating his automobile when he saw Joe Twiddy, the defendant did something which a reasonable man would not have done which was a proximate cause of the plaintiff's injuries. In the light most favorable to the plaintiff, we hold that when the plaintiff saw the defendant's automobile turning at the back of the parking lot and walked across the driveway of the lot without looking back again, this was something a reasonable man would

not have done. *See Brooks v. Boucher,* 22 N.C. App. 676, 207 S.E. 2d 282, *cert. denied,* 286 N.C. 211, 209 S.E. 2d 319 (1974). Taking into account the plaintiff's evidence that defendant accelerated his automobile when he saw Joe Twiddy, we hold that all the evidence does not so clearly establish the plaintiff's negligence as a proximate cause of the collision that the jury could reach no other conclusion. This makes contributory negligence an issue for the jury. *See Ragland v. Moore,* 299 N.C. 360, 261 S.E. 2d 666 (1980). Even if the plaintiff had been looking at the approaching automobile, the sudden acceleration could have caused the injuries. In that case we cannot say the failure to look would be a cause without which the collision would not have occurred.

We also hold the court should have submitted an issue to the jury as to the last clear chance. The parking lot was 195 feet deep. The defendant turned his automobile at the back of the lot and started driving toward the front of the lot. There is evidence in the record that the plaintiff started walking across the driveway of the lot and was inattentive to the danger. We believe it is a jury question as to whether the defendant, by the exercise of reasonable vigilance could have avoided hitting the plaintiff, who, due to his inattention, had placed himself in a position of helpless peril. *See Exum v. Boyles,* 272 N.C. 567, 158 S.E. 2d 845 (1968).

For reasons stated in this opinion, the judgment directing a verdict in favor of plaintiff is reversed.

Reversed.

Judges VAUGHN and MARTIN (Robert M.) concur.