DARRIN KEITH MERCER, BY HIS GUARDIAN AD LITEM, JEAN MERCER v.
ROGER CROCKER AND DONNIE H. CROCKER

No. 847SC470

(Filed 19 March 1985)

1. **Automobiles and Other Vehicles § 84— contributory negligence—children presumed incapable**

     A thirteen-year-old farm worker who fell from the back of a pickup truck could not be held contributorily negligent as a matter of law where he was between the ages of seven and fourteen.

2. **Automobiles and Other Vehicles §§ 92.3, 105.1— farm worker falls from back of pickup truck—driver is brother of truck owner—directed verdict for defendants improper**

     A directed verdict for defendants was not proper in an action by a thirteen-year-old farm worker who fell from the back of a pickup truck where the evidence showed that one defendant drove the truck with no tailgate along a paved road at 45 miles an hour, slowed to approximately 5 miles per hour, then speeded up without warning; that plaintiff was thrown off the truck as a result of the unexpected acceleration and did not jump off the truck or dangle his feet off the tailgate, although there was conflicting evidence; and that the driver of the truck was the brother of the owner and was operating it with his consent. G.S. 20-71.1.

APPEAL by plaintiff from *Brown, Judge.* Judgment entered 21 February 1984 in Superior Court, WILSON County. Heard in the Court of Appeals 8 January 1985.

On 28 July 1980, Darrin Mercer and his brother George Mercer were employed by Roger and Donnie Crocker in harvesting tobacco. Darrin was thirteen years old at the time. The Crockers came to pick Darrin and George up after lunch on 28 July in a pickup truck. Darrin and George rode in the back of the truck. The truck had no tailgate. The truck belonged to Roger Crocker and was driven by Donnie Crocker.

Darrin testified that as the truck neared the tobacco field they were harvesting, Darrin's hat blew off. Darrin was sitting down at the time. He estimated that the truck's speed was 45 miles per hour. The truck then slowed down to less than 5 miles per hour, and Darrin thought the truck was going to turn off the paved road, onto a driveway.

Darrin testified further that, as the truck slowed, he moved into a crouching position in order to jump off the truck when it turned into the driveway. Yet, the truck speeded up and went on down the paved road, throwing Darrin onto the pavement. He suffered severe head injuries. Darrin testified that he did not jump from the truck.

Darrin's mother, Jean Mercer, brought suit for negligence against the Crocker brothers on Darrin's behalf. On the defendants' motion, the trial court directed the verdict against the plaintiff. Plaintiff appeals the judgment.

*Lee, Reece & Oettinger, by Cyrus F. Lee and Rachel V. Lee, for plaintiff appellant.*

*Battle, Winslow, Scott & Wiley, by Robert L. Spencer, for defendant appellees.*

ARNOLD, Judge.

The plaintiff appeals from a directed verdict. The question on appeal is whether the evidence, considered in the light most favorable to the plaintiff, is sufficient to present a question for the jury. *See Bowen v. Gardner*, 275 N.C. 363, 168 S.E. 2d 47 (1969); *Watt v. Crews*, 261 N.C. 143, 134 S.E. 2d 199 (1964). We hold that it is.

[1] The defendants alleged in their motion for directed verdict that Darrin Mercer was contributorily negligent. Yet, Darrin was thirteen years of age on 28 July 1980. He thus benefits from the rule that a person between the ages of seven and fourteen is presumed to be incapable of contributory negligence and may not be held contributorily negligent as a matter of law. *See Golden v. Register*, 50 N.C. App. 650, 653, 274 S.E. 2d 892, 894 (1981). The issue of whether he was capable of contributory negligence was one for the jury, and should not have been the basis of a directed verdict. *See Hamilton v. McCash*, 257 N.C. 611, 619, 127 S.E. 2d

214, 219 (1962). The case *Edwards v. Edwards*, 3 N.C. App. 215, 164 S.E. 2d 383 (1968), relied on by defendants, is distinguishable because the plaintiff there was fourteen years of age.

[2]    We next consider the question whether the directed verdict was proper on the issue of defendants' negligence. The testimony of Darrin Mercer shows that Donnie Crocker drove the truck with no tailgate along a paved road at 45 miles per hour, then slowed to approximately five miles per hour, and then speeded up without warning. The testimony shows further that as a result of the truck's unexpected acceleration, Darrin Mercer was thrown off the truck. Darrin testified that he did not jump off the truck or dangle his feet off the tailgate, although there is other evidence that he did dangle his feet off the tailgate, and that his feet may have caught beneath the truck. Considering the evidence in the light most favorable to the plaintiff, however, we conclude that there is evidence that the manner in which the defendant Donnie Crocker operated the truck caused or contributed to Darrin's fall. This, combined with the evidence of the lack of a tailgate, is sufficient to take the case to the jury on the question of whether Donnie Crocker's operation of the truck was negligent.

The defendant Roger Crocker admitted that he was the owner of the truck being operated by his brother Donnie Crocker, and that Donnie Crocker was driving it with his permission. The defendant Roger Crocker admitted that he and his brother worked each other's farms and used each other's employees. Further, he admitted that they used each other's trucks to pick up their employees, including the Mercer brothers. Roger Crocker's admission that he was the owner of the truck being operated by his brother, and that his brother was operating it with his consent to pick up the Mercer brothers, by virtue of G.S. 20-71.1, was sufficient to carry the case to the jury on the question of the legal responsibility of defendant Roger Crocker for operation of the truck by his brother Donnie Crocker. *Kellogg v. Thomas*, 244 N.C. 722, 731, 94 S.E. 2d 903, 910 (1956).

We reverse the directed verdict as to both defendants and remand for new trial.

Reversed and remanded.

Judges WELLS and COZORT concur.